CRAWLEY, Judge.
Jami Pendergrass Smith and Glen Pen-dergrass were divorced in 1991. The divorce judgment incorporated an agreement of the parties that provided, among other things, that the mother would have custody of the parties’ daughter, who was then a year old, that the father would have liberal visitation with the child, and that the father would pay $215 per month in child support. Immediately after the divorce, the father lived in Florence and the mother lived in Tuscumbia. In 1997, however, the mother and the daughter moved to Destín, Florida.
In April 1998, the father filed a contempt petition, alleging that the mother had willfully interfered with or denied his visitation rights and that the mother had failed to pay him $3,650, a sum representing his equity in the former marital home. The father also filed a petition to modify the divorce judgment, seeking extended summer and holiday visitation with the child. The mother answered, denying that *424 she had interfered with or denied the father’s visitation rights, and counterclaimed, seeking an increase in child-support payments and seeking to have the father held in contempt in regard to his paying, or not paying, child support.
Following an ore tenus proceeding, the trial court held the mother in contempt for failing to abide by the visitation provisions of the divorce judgment. The court then modified the custody provision of the divorce judgment. The court awarded the parties joint custody of the child, with the father to have physical custody during the school year and the mother to have physical custody during the summer. The court ordered each party to pay child support to the other party when the child was not in his or her custody. The court did not rule on the father’s request that the mother be held in contempt for failing to pay the father for his equity in the marital home. The court also did not rule on the mother’s request that the father be held in contempt for failing to pay approximately $1,300 in child support. The court’s judgment specifically states that “[t]he Court will further consider past due child support and the parties are to file with the Court the proper forms within 20 days of the date of this Order.” The record indicates that the parties did file CS-41 forms (see Rule 32, Ala. R. Jud. Admin.), but that the court did not rule on the mother’s counterclaim for a child-support arrearage.
The mother appeals, arguing that the trial court erred by modifying the custody provision of the divorce judgment when the father’s petition sought a modification of the visitation provision of that judgment, and when, she says, the issue of custody was not tried by the express or implied consent of the parties. See Rule 15(b), Ala. R. Civ. P. We cannot address that argument because we conclude that the mother’s appeal is from a nonfinal order.
An appeal ordinarily lies only from a final judgment. Ala.Code 1975, § 12-22-2; Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990). An order is generally not final unless it disposes of all claims or the rights or liabilities of all parties. Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Bean, 557 So.2d at 1253. Because the trial court has not disposed of either the father’s claim regarding an unpaid property-settlement amount or the mother’s counterclaim regarding a child-support arrearage, this court cannot now reach the merits of this ease.
The appellee’s request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.