In May 1992, Valerie Ann Carlisle and Michael King Carlisle were divorced. The divorce judgment ordered, among other things, that the wife have sole physical *Page 977 
custody of the minor child, that the husband pay child support, that the husband have certain visitation with the child, and that the wife provide health insurance for the child.
In August 1998, the wife petitioned for an increase in child support, for the trial court to modify the divorce judgment to require the husband, instead of her, to provide health insurance for the child, and to order the husband to pay one half of the child's uninsured medical expenses. The wife also asked the trial court to hold the husband in contempt for his failure to pay child support and to order the husband to pay the child-support arrearage and her attorney fees. The husband petitioned the trial court to modify the custody provision, so as to transfer the child's custody from the wife to him. Following the presentation of ore tenus evidence, the trial court ordered joint custody of the child, with the wife having primary physical custody,[1] awarded the husband more visitation, and found that the husband had a child-support arrearage in excess of $6,000.
The wife appeals, and the husband cross-appeals. We conclude that the appeals are from a nonfinal judgment, and, thus, are due to be dismissed. An appeal ordinarily lies only from a final judgment. Ala. Code 1975, § 12-22-2; Bean v. Craig,557 So.2d 1249, 1253 (Ala. 1990). An order is generally not final unless it disposes of all claims or the rights and liabilities of all parties. Rule 54(b), Ala.R.Civ.P.; Ex parte Harris,506 So.2d 1003, 1004 (Ala.Civ.App. 1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala.R.Civ.P. This is not an instance where the trial court's failure to grant certain relief necessarily implies that the trial court denied that relief. SeeDutton v. Chester F. Raines Agency, Inc., 475 So.2d 545 (Ala. 1985) (holding that the trial court's judgment for one party necessarily implied a denial of the other party's counterclaim). Here, the trial court did address the custody, visitation, and child-support arrearage issues. However, the trial court's resolution of these issues does not necessarily imply that the trial court denied the wife's requests regarding child support, health insurance, medical expenses, and attorney fees. See Smithv. Pendergrass, 741 So.2d 423 (Ala.Civ.App. 1999) (dismissing appeal as from a nonfinal judgment because the trial court did not address child-support arrearage or property-settlement issues, although it did address child custody, visitation, and child-support issues).
The trial court has not addressed the issues of the wife's petition for an increase in child support, her request for the husband instead of her to provide health insurance for the child, her request that the husband be ordered to pay one half of the child's uninsured medical expenses, and her request for attorney fees. Therefore, the appeals are dismissed.
 APPEALS DISMISSED.
Robertson, P.J., and Yates, Monroe, and Thompson, JJ., concur.
[1] The trial court's use of the term "primary physical custody" is inappropriate in light of Ala. Code 1975, § 30-3-150 et seq., the joint-custody statute. See Harris v. Harris, [Ms. 2980940, Dec. 3, 1999] ___ So.2d ___ (Ala.Civ.App. 1999), for a discussion of the proper terms to be used for the different types of custody arrangements that Alabama law provides for.