John Mervyn Nabors ("the husband") and Charlene Roberts Nabors Heaston ("the wife") were divorced by a July 11, 1989, judgment of the trial court. The divorce judgment incorporated the terms of an agreement reached by the parties.
On February 22, 2002, the wife filed a petition for a rule nisi and a petition to modify the divorce judgment. In that part of her petition seeking to modify the divorce judgment, the wife sought an increase in periodic alimony; she later moved to dismiss that claim, stating that she had remarried during the pendency of this matter and acknowledging that she was no longer entitled to periodic alimony. See § 30-2-55, Ala. Code 1975 (providing that a former spouse's periodic-alimony obligation terminates when the receiving spouse remarries or cohabitates). In her petition seeking a rule nisi, the wife alleged that the husband had failed to comply with the divorce judgment by failing to pay premiums on a life-insurance policy for her benefit. The wife sought enforcement of the life-insurance provision of the divorce judgment, an award for the amount of the premium payments the husband allegedly failed to pay, and an award of an attorney fee. The wife also sought to have the husband held in contempt for his alleged failure to maintain the life-insurance *Page 590 
policy as required under the terms of the divorce judgment.
The husband did not file an answer, but he did file a motion for a partial summary judgment. The husband later filed a motion for an award of an attorney fee. The husband amended his motion for a partial summary judgment, and the wife opposed that motion and filed a motion for a summary judgment. The trial court entered an order denying both parties' motions for a summary judgment. The trial court received ore tenus evidence at a hearing on May 7 and 8, 2003.
On May 20, 2003, the trial court entered an order in which it ruled in favor of the wife with regard to her claim pertaining to the life-insurance policy, and it awarded the wife $69,510. The wife filed a "motion to alter, amend, or vacate the judgment,"[1] arguing, among other things, that the trial court had failed to award interest on the award of $69,510, and that it had failed to rule on her claim for an attorney fee and her claim seeking to have the husband held in contempt. On July 16, 2003, the trial court amended its May 20, 2003, order to award the wife statutory interest on the $69,510, thus increasing its award to $83,412. The wife appealed and the husband cross-appealed.
In her brief on appeal, the wife raises issues pertaining to the propriety of the trial court's ruling on her claims relating to the life-insurance policy. The wife also argues that the trial court erred in refusing to hold the husband in contempt and in failing to award her an attorney fee. The husband, in his cross-appeal, addresses the wife's arguments and also contends that the trial court erred in its ruling with regard to the life-insurance policy.
The parties did not, in the "statement of jurisdiction" portions of their briefs to this court, address the issue of the finality of the trial court's orders. See Rule 28(a)(3), Ala. R.App. P. (requiring a statement of the basis for jurisdiction, including, among other things, a statement of the facts that establish proper jurisdiction). However, jurisdictional issues are of such significance that a court may take notice of them exmero motu. Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App. 2002). A final judgment is one that disposes of all the claims and controversies between the parties. McCollough v. Bell,611 So.2d 383 (Ala.Civ.App. 1992). See also Reid v. Reid,844 So.2d 1212, 1214 (Ala.Civ.App. 2002) (noting that "`[t]he only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.'" (quoting Carlisle v. Carlisle, 768 So.2d 976,977 (Ala.Civ.App. 2000))). An appeal to this court may be taken only from a final judgment. Rule 5(a), Ala. R.App. P. ("Appeals of interlocutory [i.e., nonfinal] orders are limited to those civil cases that are within the original appellate jurisdiction of the Supreme Court.").
We note that the fact that an attorney-fee request remains pending does not necessarily affect the finality of a judgment.State Bd. of Educ. v. Waldrop, 840 So.2d 893, 899 (Ala. 2002) (citing Budinich v. Becton Dickinson Co., 486 U.S. 196, 199,108 S.Ct. 1717, 100 L.Ed.2d 178 (1988)). In this case, however, the contempt issue is also pending; there is no indication from the trial court's orders that it intended to rule on that issue. Some of the issues raised in the wife's appeal and the husband's cross-appeal directly relate to matters upon which the trial court has *Page 591 
failed to rule. This court cannot necessarily assume that by failing to rule on a certain claim the trial court intended to deny that claim.
 "This is not an instance where the trial court's failure to grant certain relief necessarily implies that the trial court denied that relief. See Dutton v. Chester F. Raines Agency, Inc., 475 So.2d 545
(Ala. 1985) (holding that the trial court's judgment for one party necessarily implied a denial of the other party's counterclaim)."
Carlisle v. Carlisle, 768 So.2d at 977 (the trial court's resolution of the issue of custody, visitation, and child-support arrearage "did not necessarily imply" the resolution of the pending issues of child support, health insurance, medical expenses, and attorney fees).
Given the allegations of the parties and their arguments to this court, we must conclude that the appeals are taken from a nonfinal judgment. Therefore, we must dismiss the wife's appeal and the husband's cross-appeal. Reid v. Reid, supra; BacadamOutdoor Adver., Inc. v. Kennard, 721 So.2d 226 (Ala.Civ.App. 1998).
The wife's request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
CROSS-APPEAL DISMISSED.
YATES, P.J., and PITTMAN, J., concur.
MURDOCK, J., dissents, with writing, which Crawley, J., joins.
[1] A motion to alter, amend, or vacate a judgment filed pursuant to Rule 59, Ala. R. Civ. P., may be filed only in reference to a final judgment. Malone v. Gainey, 726 So.2d 725,725 n. 2 (Ala.Civ.App. 1999).