Donnie Branson ("the husband") appeals from a judgment entered by the Mobile Circuit Court divorcing him from Mary M. Branson ("the wife"). On appeal, the husband challenges the portions of the judgment in which the trial court awarded the wife child support, awarded the wife rehabilitative alimony, and required him to pay $11,500 to the wife for her to purchase a vehicle. We dismiss the appeal as being from a nonfinal judgment.
 Procedural History
On June 16, 2005, the wife filed a complaint seeking a divorce from the husband. On August 11, 2005, the trial court entered an order that provided, among other things, that neither party remove or dispose of the household furnishings. On September 27, 2005, the husband, answered and filed a counterclaim for divorce. The next day, the wife filed a motion for a restraining order or, in the alternative, for *Page 724 
exclusive possession of the marital home. The husband responded to that motion on October 28, 2005. On January 2, 2006, the wife filed a second motion for a restraining order or, in the alternative, for exclusive possession of the marital home. The husband responded to that motion on January 25, 2006. The husband filed a further response to the wife's January 2, 2006, motion on February 2, 2006.
On April 27, 2006, the wife filed a motion requesting that the court hold the husband in contempt. She alleged that on February 7, 2006,' the court had granted her second motion for a restraining order or, in the alternative, for exclusive possession of the marital home and that the husband had violated the February 7, 2006, order.[1] On May 15, 2006, the husband responded to the wife's motion for contempt. That same day, the husband filed a motion to hold the wife in contempt. In support of his motion, the husband alleged that the wife had violated the court's February 7, 2006, restraining order. The wife responded to the husband's motion on May 25, 2006. On September 19, 2006, the husband filed another motion seeking to hold the wife in contempt, alleging that the wife had violated the court's August 11, 2005, order by removing furnishings from the marital home. The wife responded to the husband's motion on September 29, 2006.
After an ore tenus hearing, the trial court entered a judgment divorcing the parties on January 19, 2007. The judgment failed to dispose of the husband's two separate contempt claims and also failed to dispose of the wife's claim for contempt. On February 17, 2007, the husband filed his notice of appeal.
 Discussion
Although this issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this appeal. "Jurisdictional matters are of such importance that a court may take notice of them ex mero motu." McMurphy v.East Bay Clothiers, 892 So.2d 395, 397 (Ala.Civ.App. 2004). "[T]he question whether a judgment is final is a jurisdictional question." Johnson v. Johnson, 835 So.2d 1032, 1034
(Ala.Civ.App. 2002). "A final judgment is one that disposes of all the claims and controversies between the parties."Heaston v. Nabors, 889 So.2d 588, 590
(Ala.Civ.App. 2004).
The present case is analogous to Heaston, supra. InHeaston, this court stated:
 "In this case . . . the contempt issue is also pending; there is no indication from the trial court's orders that it intended to rule on that issue. Some of the issues raised in the wife's appeal and the husband's cross-appeal directly relate to matters upon which the trial court has failed to rule. This court cannot necessarily assume that by failing to rule on a certain claim the trial court intended to deny that claim.
 "`This is not an instance where the trial court's failure to grant certain relief necessarily implies that the trial court denied that relief. See Button v. Chester F. Raines Agency, Inc., 475 So.2d 545 (Ala. 1985) (holding that the trial court's judgment for one party necessarily implied a denial of the other party's counterclaim).'
 "Carlisle v. Carlisle, 768 So.2d [976,] 977 [(Ala.Civ.App. 2000)] (the trial court's resolution of the issue of custody, visitation, *Page 725 
and child-support arrearage `did not necessarily imply" the resolution of the pending issues of child support, health insurance, medical expenses, and attorney fees).
 "Given the allegations of the parties and their arguments to this court, we must conclude that the appeals are taken from a nonfinal judgment. Therefore, we must dismiss the wife's appeal and the husband's cross-appeal."
Heaston, 889 So.2d at 590-91.
In the present case, the trial court's judgment did not dispose of the husband's two separate contempt claims or the wife's claim for contempt, and "there is no indication from the trial court's [judgment] that it intended to rule on th[ose] issue[s]." Heaston, 889 So.2d at 590. Accordingly, we conclude that this case, like Heaston, supra, "`is not an instance where the trial court's failure to grant certain relief necessarily implies that the trial court denied that relief."' Heaston, 889 So.2d at 591 (quotingCarlisle v. Carlisle, 768 So.2d 976, 977
(Ala.Civ.App. 2000)). Because the trial court has not yet disposed of the husband's two separate contempt claims or the wife's claim for contempt, this appeal is from a nonfinal judgment.Id. Accordingly, we must dismiss this appeal.Id.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
[1] There is nothing in the record indicating that the court granted that motion. However, in the husband's answer to the wife's motion for contempt, he also referenced the February 7, 2006, order, stating that the court had "granted a mutual restraining order" but that it had not granted exclusive possession of the marital home to either party.