BRYAN, Judge.
 

 Delores Greenwood (“the mother”) appeals a judgment of the DeKalb Circuit Court that modified the physical custody of the parties’ six-year-old son (“the son”) by transferring it from the mother to Ross Payton Greenwood (“the father”). We dismiss the appeal as being from a nonfinal judgment.
 

 The parties separated in November 2002, and the mother relocated to West Virginia sometime thereafter. The trial court entered a judgment divorcing the parties in July 2003. The divorce judgment awarded the physical custody of the son to the mother and “standard” visitation rights to the father. The son, born on October 10, 2001, is the only child born of the parties’ marriage.
 

 On December 8, 2005, the father petitioned the trial court to modify custody of the son by transferring custody from the mother to the father. The father’s December 2005 petition also requested that the trial court require the mother to show cause why she should not be adjudged in contempt of court. The father alleged that the mother had violated a prior order of the trial court by, among other things, refusing to provide the father with her address and by denying the father visitation with the son in October 2005 and in November 2005. On January 25, 2006, the mother responded to the father’s petition to modify custody by moving the trial court for a change of venue.
 

 On September 12, 2006, the father again petitioned the trial court to have the mother adjudged in contempt of court because she had, among other things, allegedly “enrolled the [son] in a K4 kindergarten program, which is not mandatory, for the sole purpose of depriving the [father] of his visitation rights.” The mother answered the father’s petition with a general denial of all allegations contained in the petition.
 

 On December 28, 2006, the father filed with the trial court a “petition to show cause and for temporary custody.” The father’s December 2006 petition alleged, among other things, that the mother had continued to violate a prior order of the trial court by refusing to disclose the son’s address to the father and that the mother had been denying the father any contact with the son. After a hearing on the father’s December 2006 petition had been continued because the mother had just
 
 *928
 
 recently given birth in West Virginia, the father, on March 27, 2007, filed with the trial court yet another petition requesting temporary custody of the son. The father’s March 2007 petition alleged, among other things, (1) that mail that had been sent to the mother’s last known address had been returned to the father’s attorney marked “not known unable to forward” and (2) that “the phone numbers previously provided to [the father] to contact [the son] are no longer in service.” The trial court issued an order setting a hearing for May 7, 2007, on the father’s March 2007 petition for temporary custody. The trial court heard testimony from only the father at the May 7, 2007, hearing; the mother failed to appear.
 
 [1]
 

 On May 9, 2007, the trial court entered an order awarding to the father temporary custody of the son pending further order of the trial court. The trial court’s May 2007 order found, in pertinent part:
 

 “6. The [mother] has continued to deny the [father] visitation with the [son] and has continued to refuse to provide the [father] with an address for the [son].
 

 [[Image here]]
 

 “10. The [father] has no way to contact the [mother] because the phone number he was given has been disconnected.
 

 “11. Based upon all of the foregoing the Court finds the [mother] has willfully violated previous order of this Court and that the health and physical well-being of the [son] are in danger.”
 

 On September 25, 2007, the mother filed an answer to the father’s December 2006 and March 2007 petitions for temporary custody. The mother’s answer asserted, in pertinent part, that the trial court was an inconvenient forum and that the proceeding should be transferred to the mother’s state of residence, West Virginia. Additionally, on September 25, 2007, the trial court held a final hearing on the father’s petition to modify custody.
 

 On October 11, 2007, the trial court purported to enter a final judgment modifying the physical custody of the son by transferring it from the mother to the father and awarding the mother supervised visitation with the son on one weekend each month.
 
 [2]
 
 The judgment did not dispose of the father’s December 2005 and September 2006 petitions that sought to have the mother adjudged in contempt of court for denying the father visitation with the son in violation of a prior trial court order. On October 25, 2007, the mother filed a post-judgment motion. After holding a hearing on the matter, the trial court, on January 2, 2008, entered an order amending its October 11, 2007, judgment by awarding the mother unsupervised visitation with the son. The trial court also amended its October 11, 2007, judgment by requiring the father to “make the [son] available to receive a telephone call from the [mother] each Sunday at 3:00 p.m. Central Standard
 
 *929
 
 Time.” All other relief requested by the mother in her postjudgment motion was denied. The mother then timely appealed.
 

 The mother raises three issues on appeal. The mother first argues that the trial court erred by failing “to dismiss and transfer these proceedings to the State of West Virginia on the basis of inconvenient forum pursuant to Ala.Code [1975], § 30-3B-207....”
 
 [3]
 
 The mother next argues that the trial court erred in finding that a material change in circumstances existed to warrant a modification of custody. Finally, the mother argues that the trial court exceeded its discretion by “restricting the terms and scope of visitation when there is no basis for harm or risk to the [son], or in the alternative, that such limitation is too broad for any alleged concern or risk.”
 

 Even though this issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this appeal. “ ‘Jurisdictional matters are of such importance that a court may take notice of them
 
 ex mero motul
 
 ”
 
 Naylor v. Naylor,
 
 981 So.2d 440, 441 (Ala.Civ.App.2007) (quoting
 
 McMurphy v. East Bay Clothiers,
 
 892 So.2d 395, 397 (Ala.Civ.App.2004)). “The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.”
 
 Hubbard v. Hubbard,
 
 935 So.2d 1191, 1192 (Ala.Civ.App.2006) (citing
 
 Jim Walter Homes, Inc. v. Holman,
 
 373 So.2d 869, 871 (Ala.Civ.App.1979)). “[A] final judgment is a ‘terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.’ ”
 
 Dees v. State,
 
 563 So.2d 1059, 1061 (Ala.Civ.App.1990) (quoting
 
 Tidwell v. Tidwell,
 
 496 So.2d 91, 92 (Ala.Civ.App.1986)).
 

 In the present case, the father’s December 2005 and September 2006 contempt petitions — that, for all that appears in the record, were never ruled upon by the trial court — were intertwined with the father’s custody-modification petitions. “[D]uring a postdivorce proceeding, [if] the trial court fails to rule on every pending contempt motion, its failure to do so ... affect[s] the finality of the judgment in the postdivorce proceeding because, in such circumstances, the filing of each contempt motion does not initiate a separate and independent proceeding.”
 
 Decker v. Decker,
 
 984 So.2d 1216, 1220 (Ala.Civ.App.2007). Therefore, the trial court’s failure to dispose of the father’s December 2005 and September 2006 contempt petitions renders the trial court’s October 11, 2007, judgment nonfinal. Accordingly, we must dismiss the mother’s appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The mother's brief to this court asserts that the notice of the May 7, 2007, hearing was mailed to the "wrong address” and that is why she failed to appear at the hearing. However, the mother testified at trial that the notice had been mailed to the address that she had given to her attorney but that she had moved from that residence in December 2006, apparently without providing her attorney with a forwarding address.
 

 [2]
 

 . The trial court's judgment also provided that
 

 "[a]t the end of twenty-four (24) months from the date of this Order, the [mother] shall have additional and unsupervised visitation of one (1) week prior to Christmas in even-numbered years and one (1) week after Christmas in odd-numbered years and two (2) weeks each Summer provided the [mother] furnishes thirty (30) days written notice of the date she intends to exercise said Summer visitation.”
 

 [3]
 

 . Alabama Code 1975, § 30-3B-207, provides, in pertinent part:
 

 “(a) A court of this state which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon the motion of a party, the court's own motion, or request of another court.
 

 [[Image here]]
 

 “(c) If a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper.”