20 So.3d 137 (2009)
Louis Frank HOLLANDER, Jr.
v.
Vickie L. BARNES.
2070627.
Court of Civil Appeals of Alabama.
March 6, 2009.
Michael L. Weathers, Florence, for appellant.
Submitted on appellant's brief only.
MOORE, Judge.
Louis Frank Hollander, Jr. ("the father"), appeals from a judgment of the Lauderdale Circuit Court. We dismiss the appeal for lack of jurisdiction.

Background
The father and Vickie L. Barnes ("the mother") were divorced by a judgment of the Lauderdale Circuit Court ("the trial court") in 1996. The divorce judgment awarded custody of the parties' then three-year-old *138 daughter ("the child") to the mother, subject to the father's visitation rights. In May 2007, the mother filed an action seeking to modify certain provisions of the divorce judgment, as well as certain provisions of subsequent orders that had been entered by the trial court. The father answered and asserted a counterclaim, seeking to modify custody of the child and an award of child support in the event he was awarded custody; the father also sought a finding of contempt against the mother. The trial court held an ore tenus proceeding at which the mother withdrew her claims against the father; the case then proceeded to trial on only the father's counterclaims.
On February 26, 2008, the trial court entered a judgment expressly ruling that the father had not met the burden of proof required to modify custody as set forth by Ex parte McLendon, 455 So.2d 863 (Ala. 1984). The trial court's judgment also provided that "[t]he petition to have the child support modified is likewise DENIED."
The father appealed, asserting that the trial court had erred in denying his counterclaim to modify custody and in denying his contempt petition. The mother filed a motion seeking to dismiss the father's appeal for lack of jurisdiction and requesting attorney fees.

Analysis
"`The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.'" Greenwood v. Greenwood, 3 So.3d 926, 929 (Ala.Civ.App. 2008) (quoting Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006)). See also Butler v. Phillips, 3 So.3d 922, 925 (Ala.Civ.App.2008) (same). "`A final judgment is one that disposes of all the claims and controversies between the parties.'" Decker v. Decker, 984 So.2d 1216, 1219 (Ala.Civ.App.2007) (quoting Heaston v. Nabors, 889 So.2d 588, 590 (Ala.Civ.App. 2004)). "[D]uring a postdivorce proceeding, [if] the trial court fails to rule on every pending contempt motion, its failure to do so ... affect[s] the finality of the judgment in the postdivorce proceeding." Decker, 984 So.2d at 1220.
In the trial court, the father asserted only two claims: a claim to modify custody of the parties' child and for the award of child support in the event he was awarded custody and a claim to find the mother in contempt. The trial court denied the father's custody petition, and it purported to deny the father's "petition to have the child support modified." However, no petition to modify child support had been filed. More significantly, the trial court's order did not address the father's pending contempt claim. Because the father's contempt claim has not been finally adjudicated and remains pending in the trial court, the judgment entered on February 26, 2008, is not a final judgment that will support an appeal.
We therefore grant the mother's motion to dismiss. The mother's request for the award of an attorney fee is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS, J., concur.
BRYAN, J., concurs in the result, without writing.
PITTMAN, J., dissents, with writing.
PITTMAN, Judge, dissenting.
In my view, the trial court's errant reference in its judgment to the father's "petition to have the child support modified" appears to have been intended as an express denial of the father's contempt claim, *139 which was the only other claim asserted by the father at trial that could properly have been acted upon by the trial court. Cf. Miller v. Miller, 10 So.3d 570, 572 n. 1 (Ala.Civ.App.2008) (indicating that party's withdrawal at trial of some of that party's previously pleaded claims may render judgment adjudicating party's other claims final). Moreover, the father asserts no issue on appeal as to the contempt claim. In light of Rule 1, Ala. R.App. P., which counsels "the just, speedy, and inexpensive determination of every appellate proceeding on its merits," I would place substance over form in this case and reach the merits of the father's appeal; therefore, I respectfully dissent from the dismissal of the appeal.