PITTMAN, Judge.
Misty Cowart Martin (“the mother”) appeals from an order denying her petition to modify previous judgments awarding the parties joint custody of the child born during the mother’s marriage to Donald Jason Cowart (the father”).[1] We dismiss the appeal as being from a nonfinal judgment.
The parties were married in February 1999, and they divorced slightly over a year later, in March 2000. They agreed to share joint custody of the child, and their agreement was incorporated into the divorce judgment, which provided that the father would exercise his custodial periods during his regularly scheduled days off. Neither party was ordered to pay child support. In 2001, the mother filed a petition to modify the custody provision of the divorce judgment; that proceeding concluded when both parties agreed to confirm the original joint-custody provision of the divorce judgment.
On February 11, 2009, the mother filed a second petition to modify the divorce judgment, seeking sole physical custody of the child, scheduled visitation for the father, and child support. On March 17, 2009, the father filed a counterclaim seeking a modification of the divorce judgment to award him sole physical custody of the child and “such other, further, different, and general relief to which he may, in equity and good conscience, be entitled.” On April 3, 2009, the father filed a petition seeking a finding of contempt as to the mother, alleging that she had interfered with his custodial rights to the child and that she had intimidated the child.
Following a hearing, the trial court denied the petitions to modify filed by both parties, finding that “[n]either party has submitted a legally sound reason, supported in the evidence, to change the joint custody order of 2001.” The trial court, however, failed to rule on the father’s contempt petition.
“Even though the issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this appeal. ‘Jurisdictional matters are of such importance that a court may take notice of them ex mero motu.’ McMurphy v. East Bay Clothiers, 892 So.2d 395, 397 (Ala.Civ.App.2004). ‘[T]he question whether a judgment is final is a jurisdictional question.’ Johnson v. Johnson, 835 So.2d 1032, 1034 (Ala.Civ.App.2002). ‘A final judgment is one that disposes of all the claims and controversies between the parties.’ Heaston v. Nabors, 889 So.2d 588, 590 (Ala.Civ.App.2004).”
Decker v. Decker, 984 So.2d 1216, 1219 (Ala.Civ.App.2007).
In Decker, the former husband filed a petition to modify the parties’ divorce judgment, seeking, among other things, to reduce or terminate his periodic-alimony obligation. The former wife answered and counterclaimed, seeking to have the former husband held in contempt for his alleged failure to comply with provisions of the divorce judgment that ordered him to provide the former wife with a life-insurance policy and to pay court costs. The trial court ruled on the former husband’s petition to reduce or terminate his alimony obligation and on that part of the former wife’s counterclaim that sought to hold the former husband in contempt for his alleged failure to provide the life-insurance policy. The court did not rule, however, *116 on that part of the former wife’s counterclaim seeking to have the former husband held in contempt for his alleged failure to pay court costs. This court dismissed the appeal as being from a nonfinal judgment, citing Heaston v. Nabors, 889 So.2d 588 (Ala.Civ.App.2004), for the proposition that
“if, ... during a postdivorce proceeding, the trial court fails to rule on every pending contempt motion, its failure to do so does affect the finality of the judgment in the postdivorce proceeding because, in such circumstances, the filing of each contempt motion does not initiate a separate and independent proceeding.”
Decker, 984 So.2d at 1220.
On the authority of Decker, because the trial court’s failure to dispose of the father’s contempt petition renders the order from which the mother has appealed nonfi-nal, we must dismiss this appeal.
The appellee’s request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. Although the pleadings in this case designate the father as "Donald B. Cowart,” the father identified himself at trial as "Donald Jason Cowart.”