PER CURIAM.
Amos Charles Evatt, an inmate at the Hamilton Aged and Inffrmed Center (“HAIC”), appeals from the judgment dismissing his complaint for declaratory and injunctive relief.
In his complaint, Evatt sued Kim Thomas, in his official capacity as the commissioner of the Alabama Department of Corrections (“ADOC”), alleging that two ADOC administrative regulations are discriminatory and that their enforcement is arbitrary and capricious, and, therefore, Evatt said, he was deprived of his right to equal protection. Specifically, Evatt challenged ADOC Admin. Reg. No. 009, which implements a “smoke/tobacco free policy” but, according to Evatt, is not enforced at all ADOC facilities.
Evatt asserted that, in prohibiting the use and sale of tobacco products, the warden at HAIC has opened the door to “bribery, extortion, and deviate sexual behavior” involving the acquisition of cigarettes and chewing tobacco. Because inmates have resorted to illegal behavior to obtain tobacco products, Evatt surmises, enforcement of the policy is “most likely” having an adverse affect on some of those prisoners’ chances of being paroled or of being allowed to participate in work-release programs. As a result, Evatt said, “the men at [HAIC] are not being treated fairly as other inmates at other facilities. Especially, the treatment is differently [sic] than the women prisons whom [sic] has access [to] the sales of [tobacco] products.”
Evatt also challenged ADOC Admin. Reg. No. 452. From the information provided in his complaint, it appears that ADOC Admin. Reg. No. 452 establishes the criteria inmates must meet to be eligible to participate in the supervised reentry program, which prepares selected inmates for re-entry into society as they near the end of their sentences. In his complaint, Evatt alleged that ADOC Admin. Reg. No. 452 violated his right to equal protection because, he said, female inmates are eligible to take part in the program when they are 18 months from the end of their sentences, but male inmates are not eligible to participate until they are only 12 months from the end of their sentences.
Thomas filed a motion to dismiss Evatt’s action, asserting that the complaint was due to be dismissed because it failed as a matter of law; because it failed to allege a bona fide controversy; because it was forbidden by the federal Prison Litigation Reform Act; and because state-officer immunity applied. In arguing for the dismissal of Evatt’s complaint, Thomas directed all of his arguments toward Evatt’s contention that ADOC Admin. Reg. No. 009, the tobacco-free policy, was unconstitutional. The motion to dismiss made no arguments regarding the viability of Evatt’s claim regarding ADOC Admin. Reg. No. 452, the regulation governing inmates’ eligibility for the supervised reentry program. Evatt then filed a response, saying Thomas’s motion to dismiss *889 was unconstitutional and should be stricken.
On December 1, 2011, after considering the documents filed by both parties, the trial court entered a judgment dismissing Evatt’s complaint, concluding, among other things, that the complaint faded to state a cause of action upon which relief could be granted against Thomas. In the judgment, the trial court stated that Evatt lacked standing to bring this action because, the trial court said, he had not alleged an injury. In addition, the trial court stated that Evatt “cannot show that the alleged uneven enforcement of ADOC’s smoke/tobacco free policy (AR-009) is gender based,” adding that ADOC had a legitimate interest in attempting to ensure that HAIC inmates, “who are generally older, in poor health and/or in need of chronic care, do not smoke and/or are not exposed to second hand smoke.” Based on its findings, the trial court determined that “the facts alleged by [Evatt] are insufficient to rise to the level of any constitutional violation.” We note that, in the judgment, the trial court did not allude to Evatt’s allegation that ADOC Admin. Reg. No. 452 allowed female inmates the opportunity to participate in the supervised pre-entry program six months longer than it allowed male inmates to participate in the program. Nonetheless, in reading the judgment, it is clear that the trial court dismissed Evatt’s complaint in its entirety, disposing of both of Evatt’s claims. Therefore, the judgment is final. See Sanders v. Sanders, 82 So.3d 597, 599 (Ala.Civ.App.2009) (“ ‘A final judgment is one that disposes of all the claims and controversies between the parties.’ ” (quoting Heaston v. Nabors, 889 So.2d 588, 590 (Ala.Civ.App.2004))).
Evatt filed a timely motion to alter, amend, or vacate the judgment, asserting that the trial court had “misconstrued” the constitutional challenges he was making to the administrative regulations at issue. Evatt pointed out that, in the judgment, the trial court “disregarded” his challenge to ADOC Admin. Reg. No. 452. From the record, it appears that the trial court did not rule on Evatt’s postjudgment motion. Accordingly, that judgment was denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P.
Evatt appealed the dismissal of his complaint to the Alabama Court of Criminal Appeals, which transferred the appeal to the Alabama Supreme Court based on lack of jurisdiction. Our supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
Evatt argues that the trial court erred in dismissing his action because, he says, both ADOC Admin. Reg. No. 009 and ADOC Admin. Reg. No. 452 are unconstitutional in that they deny him equal protection. As mentioned, the trial court stated that Evatt’s complaint was due to be dismissed because it failed to state a claim upon which relief could be granted.
“ ‘The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App.1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala.1984). We note that a Rule 12(b)(6) dismissal is proper only when it ap *890 pears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala.1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala.1986).’
“Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993). ‘A ruling on a motion to dismiss is reviewed without a presumption of correctness.’ Newman v. Savas, 878 So.2d 1147,1148^9 (Ala.2003).”
Downing v. Halcyon Oaks Homeowners Ass’n, Inc., 96 So.3d 818, 827-28 (Ala.Civ.App.2012).
The Equal Protection Clause of the United States Constitution requires the government to treat similarly situated people alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To establish such a claim, a prisoner can allege that “(1) ‘he is similarly situated with other prisoners who received’ more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race.” Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir.2001) (quoting Damiano v. Florida Parole & Probation Comm’n, 785 F.2d 929, 932-33 (11th Cir.1986)). Immutable characteristics determined solely by the accident of birth such as race, national origin, and gender are typically the basis for finding a suspect class. Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); Williams v. Pryor, 240 F.3d 944, 947 (11th Cir.2001); Miccosukee Tribe of Indians of Florida v. United States, 722 F.Supp.2d 1293 (S.D.Fla.2010). Inmates are not a suspect class. See Cook v. Wiley, 208 F.3d 1314, 1322-23 (11th Cir.2000); Jackson v. State Bd. of Pardons, 331 F.3d 790, 797 (11th Cir.2003).
Official action will not be held unconstitutional solely because it results in a disproportionate impact. Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 264-65, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). An allegation of discriminatory intent or purpose related to a constitutionally protected interest is required to set forth a violation of the Equal Protection Clause. Id. “ ‘Discriminatory purpose! ]’ ... implies more than intent as volition or intent as awareness of consequences. It implies that the deci-sionmaker ... selected ... a particular course of action at least in part ‘because of,’ not merely ‘in spite of,’ its adverse effects upon an identifiable group.” Personnel Adm’r of Massachusetts v. Feeney, 442 U.S. 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979) (footnotes and citation omitted); see also Hernandez v. New York, 500 U.S. 352, 359, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). In a case such as this one, where Evatt challenges the action of correctional officials, exceptionally clear proof of discrimination is required. Fuller v. Georgia Bd. of Pardons & Paroles, 851 F.2d 1307, 1310 (11th Cir.1988). Moreover, mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. E & T Realty Co. v. Strickland, 830 F.2d 1107 (11th Cir.1987); McCleskey v. Kemp, 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).
As to his claim that ADOC Admin. Reg. No. 009 violated his constitutional right to equal protection, Evatt did not assert that Thomas or ADOC subjected him to adverse treatment based on some constitutionally impermissible reason. Instead, he appears to claim that, because prisoners incarcerated in HAIC are prohibited from using tobacco products, but prisoners incarcerated in other ADOC facilities are not denied the use of tobacco, *891 he has been denied equal protection. The law is well settled that the mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause. See E & T Realty, supra. Indeed, “[prison officials must be accorded latitude in the administration of prison affairs.” Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). At most, Evatt has alleged “a mere inconsistency in prison management [that] may not in itself constitute a cognizable equal protection claim.” Durso v. Rowe, 579 F.2d 1365, 1372 (7th Cir.1978).
Accordingly, we conclude that Evatt’s claim challenging ADOC Admin. Reg. No. 009, ADOC’s smoke/tobacco-free policy, does not set forth a violation of Evatt’s right to equal protection; therefore, the trial court properly dismissed that claim on the ground that it failed to state a claim on which relief could be granted. As to that claim, the judgment is affirmed.
Our consideration of Evatt’s challenge to the regulation involving ADOC’s supervised re-entry program leads us to a different conclusion, however. Although the judgment purported to dismiss Evatt’s complaint in its entirety, as mentioned, the judgment did not address Evatt’s basis for challenging ADOC Admin. Reg. No. 452, which establishes criteria for prisoners’ eligibility to participate in ADOC’s supervised re-entry program. Instead, the trial court appears to have conflated Evatt’s challenges to the two regulations, Nos. 009 and 452, into one claim that challenged the right of female inmates to smoke without impacting their right to participate in the re-entry program.[1] In reviewing Evatt’s complaint, we agree with the statement he made in his postjudgment motion that the trial court “misconstrued” his claim as to ADOC Admin. Reg. No. 452.
In his complaint, Evatt alleged that male and female inmates are treated differently. According to Evatt, ADOC Admin. Reg. No. 452 allows women to begin participating in the program when they are 18 months from completing their sentences; men, however, cannot begin to participate in the program until they are 12 months from completing their sentences. In a nutshell, Evatt asserts that Admin. Reg. No. 452 discriminates against him on the basis of his gender.
In discussing the scrutiny courts must apply to official actions that deny rights or opportunities based on gender, the United States Supreme Court has said:
“Without equating gender classifications, for all purposes, to classifications based on race or national origin, the Court, in post-Reed [v. Reed, 404 U.S. 71 (1971),] decisions, has carefully inspected official action that closes a door or denies opportunity to women (or to men). See J.E.B. [v. Alabama ex rel. T.B.], 511 U.S. [127] at 152 [(1994)] (KENNEDY, J., concurring in judgment) (case law evolving since 1971 ‘reveal[s] a strong presumption that gender classifications are invalid’). To summarize the Court’s current directions for cases of official classification based on gender: Focusing on the differential treatment for denial of opportunity for which relief is sought, the reviewing court must determine whether the proffered justification is ‘exceedingly persuasive.’ The burden of justification is demanding and it rests entirely on the State. See Mississippi Univ. for Women [v. Hogan], 458 U.S. [718] at 724 *892 [ (1982) ]. The State must show ‘at least that the [challenged] classification serves “important governmental objectives and that the discriminatory means employed” are “substantially related to the achievement of those objectives.’” Ibid, (quoting Wengler v. Druggists Mut. Ins. Co., 446 U.S. 142, 150 (1980)). The justification must be genuine, not hypothesized or invented post hoc in response to litigation. And it must not rely on overbroad generalizations about the different talents, capacities, or preferences of males and females. See Weinberger v. Wiesenfeld, 420 U.S. 636, 648, 648 (1975); Califano v. Goldfarb, 430 U.S. 199, 223-224 (1977) (STEVENS, J., concurring in judgment).”
United States v. Virginia, 518 U.S. 515, 532-33, 116 S.Ct. 2264, 135 L.Ed.2d 735 (1996) (footnote omitted).
This appeal involves the issue whether the trial court erred in dismissing Evatt’s claim that ADOC Admin. Reg. No. 452 deprived him of equal protection based on his gender. At this stage of the litigation, the question this court must answer is not whether Evatt will ultimately succeed in proving his claim, but whether he is entitled to present evidence in support of his claim. Thomas may ultimately establish that the state has an “exceedingly persuasive” justification for treating male inmates differently from female inmates when determining their eligibility to participate in the supervised re-entry program. The state must come forward and identify the important governmental objectives being furthered by the regulation. Id. at 533. The trial court should not dismiss an equal-protection claim on the basis of reasons unrevealed to the court. Cruz v. Beto, 405 U.S. at 321. We conclude that, in his complaint, Evatt has presented a viable claim as to whether ADOC Admin. Reg. No. 452 violates his right to equal protection on the basis of gender.
In his brief, Thomas argues that he is entitled to immunity from Evatt’s claims. Although his argument is addressed only to the applicability of immunity to Evatt’s claim that ADOC Admin. Reg. No. 009 is unconstitutional, out of an abundance of caution, we will consider the issue of immunity as it applies to ADOC Admin. Reg. No. 452.
Our state constitution grants immunity to instrumentalities of the state and state officers sued in their official capacities when such action is effectively an action against the state. Art. 1, § 14, Ala. Const.1901; Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala.2003). However, our supreme court has stated that certain causes of action are not barred by § 14:
“ ‘ “ ‘There are four general categories of actions which in Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971), we stated do not come within the prohibition of § 14: (1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgments Act ... seeking construction of a statute and its application in a given situation. 287 Ala. at 229-230, 250 So.2d 677....’”
“ ‘Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 58 (Ala.2006) (quoting [Ex parte ] Carter, 395 So.2d *893 [65,] 68 [ (Ala.1980) ]) (emphasis omitted).’ ”
Vandenberg v. Aramark Educ. Servs., Inc., 81 So.Bd 326, 332 (Ala.2011) (quoting Alabama Dep’t of Transp. v. Harbert Int’l, Inc., 990 So.2d 831, 840 (Ala.2008)). In Harbert, our supreme court clarified that these “exceptions,” including the exception for actions seeking a declaratory judgment under the Declaratory Judgments Act, apply only to actions against state officials, not actions against state agencies. Harbert, 990 So.2d at 841.
In this case, Evatt sued Thomas in his official capacity as the commissioner of ADOC. In his complaint, Evatt sought a judgment declaring the unconstitutionality of two prison regulations and to enjoin Thomas from enforcing those regulations. Because such claims are exempt from § 14, Thomas is not entitled to § 14 immunity in this case.
Thomas also asserts that Evatt’s claims are expressly prohibited by 42 U.S.C. § 1997e of the federal Prison Litigation Reform Act (“the Act”), 42 U.S.C. § 1997e. Again, although Thomas failed to argue at trial or on appeal that this issue applies to Evatt’s challenge to ADOC Admin. Reg. No. 452, out of an abundance of caution, we will address the argument as it applies to Reg. No. 452. In a one-paragraph argument, Thomas makes the conclusory statement that Evatt’s complaint was “fatally flawed” in that Evatt failed to exhaust his administrative remedies and failed to allege or provide evidence of any “physical injury.” Thomas provides no legal analysis in support of his argument.
In support of his contention, Thomas relies on 42 U.S.C. § 1997e(a) and (e), which provides as follows:
“(a) Applicability of administrative remedies
“No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
[[Image here]]
“(e) Limitation on recovery
“No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.”
(Emphasis added.)
Although the Act applies to prisoners incarcerated in state facilities, see 42 U.S.C. § 1997(1), we find no authority indicating that 42 U.S.C. § 1997e is applicable in state actions. As the United States Court of Appeals for the Sixth Circuit wrote:
“The Act was passed to reduce frivolous prisoner lawsuits and to reduce the intervention of federal courts into the management of the nation’s prison systems. A broad exhaustion requirement that includes excessive force claims effectuates this purpose and maximizes the benefits of requiring prisoners to use prison grievance procedures before coming to federal court.”
Freeman v. Francis, 196 F.3d 641, 644 (6th Cir.1999) (emphasis added). In this case, Evatt filed a state-court declaratory-judgment action seeking a determination from the Montgomery Circuit Court that ADOC Admin. Reg. Nos. 009 and 452 are unconstitutional. His action also did not allege that he had suffered a mental or emotional injury. Research has revealed no authority indicating that 42 U.S.C. § 1997e is applicable in this state-court action, and Thomas has not attempted to *894 demonstrate the applicability of the federal statute in this case. Accordingly, we conclude that, at least in this case, 42 U.S.C. § 1997e does not prohibit the trial court from considering the claims in Evatt’s complaint.
For the reasons set forth above, we conclude that the trial court erred in dismissing Evatt’s complaint as to ADOC Admin. Reg. No. 452. Therefore, we reverse the judgment of the trial court dismissing Evatt’s claim that ADOC Admin. Reg. No. 452 violates his right to equal protection, and we remand this cause to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the judges concur.

. We note that, in his motion to dismiss, Thomas did not address Evatt's constitutional challenge to ADOC Admin. Reg. No. 452. Thomas also did not address that claim in his brief on appeal. Each of his arguments on appeal was directed solely at whether Evatt could sustain his claim challenging ADOC Admin. Reg. No. 009.