PITTMAN, Judge.
This is the second time these parties have been before this court. In the first appeal, which we dismissed as having been taken from a nonfinal order, we recounted the procedural history of the case as follows:
“[Misty Cowart Martin (‘the mother’) and Donald Jason Cowart (‘the father’) ] were married in February 1999, [when the father was 19 years old and the mother was 15 years old and pregnant with the parties’ child. The parties] divorced slightly over a year later, in March 2000. They agreed to share joint custody of the child, and their agreement was incorporated into the divorce judgment, which provided that the father would exercise his custodial periods during his regularly scheduled days off. Neither party was ordered to pay child support. In 2001, the mother filed a petition to modify the custody provision of the divorce judgment; that proceeding concluded when both parties agreed to confirm the original joint-custody provision of the divorce judgment.
“On February 11, 2009, the mother filed a second petition to modify the divorce judgment, seeking sole physical custody of the child, scheduled visitation for the father, and child support. On March 17, 2009, the father filed a counter[petition,] seeking a modification of the divorce judgment to award him sole physical custody of the child and ‘such other, further, different, and general relief to which he may, in equity and good conscience, be entitled.’ On April 3, 2009, the father filed a petition seeking a finding of contempt as to the mother, alleging that she had interfered with his custodial rights to the child and that she had intimidated the child.
“Following a hearing, the trial court [on December 16, 2010,] denied the petitions to modify filed by both parties
[[Image here]]
Martin v. Cowart, 84 So.3d 114, 115 (Ala.Civ.App.2011). The trial court’s December 16, 2010, order stated:
“The central contention of the mother is that joint custody is no longer feasible in that she is a resident of Montgomery County, Alabama. She contends that the best-interest standard applies, and the father contends that the [Ex parte ] McLendonl 455 So.2d 863 (Ala.1984),] standard applies according to the 2001 order of modification.
“The undersigned routinely warns parties submitting agreements based upon true joint custody of the perils of the same. The court is bound by law to consider such agreements and to accept them when the parties convince the court that they are proper under the facts and circumstances. In this case, the parties were given an opportunity to litigate this matter in 2000, and 2001, and they did not choose to do so. It is the court’s opinion that the parties have used the law concerning joint custody to *734 their 1⅜⅞⅛⅝1 advantage in the past. The court cannot at this time find that either party has submitted a legally sound reason, supported in the evidence, to change the joint custody order of 2001, under either standard submitted by the parties.
“Accordingly, the mother’s Petition To Modify is DENIED, and further, the father’s Counter-Petition To Modify is DENIED.”
This court dismissed the mother’s appeal because the trial court had failed to rule on the father’s pending contempt petition. On December 27, 2011, the trial court dismissed the father’s contempt petition and entered a final judgment. The mother timely appealed, arguing that the trial court had erred in denying her petition to modify.
When the parties divorced, they were both living in Tallassee. The father was employed at Mount Vernon Mills, where he worked irregular hours, and the mother lived with her grandmother. The mother remarried soon after the parties’ divorce, but that marriage lasted only four months. After her second divorce, the mother lived with her grandmother again until she married for the third time in 2001. That marriage was also short-lived, and the mother was divorced before the end of 2001. In 2002, the mother moved to Montgomery. The mother and her fourth husband, whom she married in 2007, have been together since 2002. They have a child together, and, at the time of trial, the mother was pregnant with her third child.
The father has married twice since his divorce from the mother in 2000, and he has three children — one by the mother, one by his second wife, and one by his present wife. At the time of trial in 2010, the mother was not employed outside the home, the father was a Tallapoosa County law-enforcement officer, and the parties’ 11-year-old child was in the sixth grade at a magnet school in Montgomery.
The evidence was undisputed that the parties had never actually exercised true joint custody of the child after June 2001, when the mother’s first petition to modify the custody provision of the divorce judgment concluded with the parties’ agreement to confirm the original joint-custody provision of the divorce judgment. Rather, the mother has had de facto sole physical custody of the child, and the father has visited with the child on alternating weekends. The father claimed that, after the child started school, the child had spent half of every summer with him. The mother disputed that claim, but she acknowledged that the father’s summer visitation had been more extensive than his usual alternating-weekend visitation.
The evidence was also undisputed that, although the father has occasionally contributed funds to pay for various expenses associated with the child — such as school meals, school supplies, and clothing — he has never paid child support pursuant to Rule 32, Ala. R. Jud. Admin. Nor has he covered the child on his existing health-insurance policy. The child’s medical expenses are covered by Medicaid.
In 2001, the parties, who both lived in Tallassee at the time, agreed to confirm the original joint-custody provision of the 2000 divorce judgment. Beginning in 2002, however, and continuing for the next 8 years, the parties lived in different cities, the mother had de facto sole physical custody of the child, and the father visited with the child on alternating weekends. Given those material changes in the parties’ circumstances since the entry of the 2001 judgment, we are at a loss to understand the trial court’s statement that neither party “has submitted a legally sound reason, supported in the evidence, to change the joint custody order of 2001.”
*735 “Where, as in the present case, there is a prior judgment awarding joint physical custody, ‘ “the best interests of the child’” standard applies in any subsequent custody-modification proceeding. Ex parte Johnson, 673 So.2d 410, 413 (Ala.1994) (quoting Ex parte Couch, 521 So.2d 987, 989 (Ala.1988)). To justify a modification of a preexisting judgment awarding custody, the petitioner must demonstrate that there has been a material change of circumstances since that judgment was entered and that ‘ “it [is] in the [child’s] best interests that the [judgment] be modified” ’ in the manner requested. Nave v. Nave, 942 So.2d 372, 376 (Ala.Civ.App.2005) (quoting Means v. Means, 512 So.2d 1386, 1388 (Ala.Civ.App.1987)).”
Ex parte Blackstock, 47 So.3d 801, 804-05 (Ala.2009).
We are also at a loss to understand what the trial court meant when it stated that “the parties were given an opportunity to litigate this matter in 2000, and 2001, and they did not choose to do so.” The material change of circumstances that was proved in this case occurred after the entry of the 2000 and 2001 judgments. If the trial court’s statement is meant to imply that it considered the parties somehow to be estopped from seeking a modification of the custody provisions of the earlier judgments, or barred by the doctrine of res judicata from relit-igating the custody issue, then the trial, court erred as a matter of law. “[M]atters of child custody are never res judicata, and the circuit court retains jurisdiction over the matter for modification upon a showing of changed circumstances.” Ex parte Lipscomb, 660 So.2d 986, 989 (Ala.1994) (quoted in Ex parte Snider, 929 So.2d 447, 459 n. 9 (Ala.2005)). See also Self v. Fugard, 518 So.2d 727, 730 (Ala.Civ.App.1987) (stating that “child custody determinations made pursuant to divorce proceedings, although final with respect to the particular set of circumstances currently before the court, are subject to modification and, in that sense, ongoing”) (emphasis added).
The evidence established a material change in circumstances, and the mother presented evidence indicating that it would be in the best interest of the child to award her sole physical custody. Although the father’s counterpetition for a modification also sought an award of sole physical custody of the child, he did not pursue that request at trial or cross-appeal from the judgment. Accordingly, we reverse the trial court’s judgment denying the mother’s petition to modify, and we remand this cause with instructions to award the mother sole physical custody of the child, to establish a schedule for the father’s visitation with the child, and to determine the father’s child-support obligation pursuant to Rule 32, Ala. R. Jud. Admin.
The mother is awarded $2,657 as an attorney fee on appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
MOORE, J., concurs.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur in the result, without writings.