DONALDSON, Judge.
Michael Bray ("the father") appeals from the judgment of the Winston Circuit Court ("the trial court") granting Jennifer Bray (Schafer) ("the mother") sole physical custody of the parties' children ("the children"). We dismiss the appeal because it was taken from a nonfinal judgment.
Facts and Procedural History
On November 9, 2013, the father filed a complaint seeking a modification of the judgment divorcing him and the mother and also a finding of contempt against the mother. The mother answered and asserted *301 a counterclaim seeking a modification of custody to grant her sole physical custody of the children and child support from the father. On June 28, 2017, after a trial, the trial court entered a judgment granting sole physical custody of the children to the mother, granting visitation to the father, and ordering the father to pay the mother child support. Although the judgment modified the divorce judgment in other respects, the judgment did not include a ruling on the father's contempt claim.
On July 5, 2017, the father filed a motion to reconsider the judgment, requesting a hearing.[1] On July 26, 2017, the father filed a motion to alter, amend, or vacate the judgment or, in the alternative, a motion for a new trial, again requesting a hearing on the motion. The trial court did not conduct a hearing or rule on the father's motions.
On October 23, 2017, the father filed a notice of appeal to this court. On appeal, the father contends that the denial of his July 26, 2017, motion by the operation of law, without a hearing, was reversible error and that insufficient evidence supports the trial court's modification of custody.[2]
Discussion
As a threshold matter, we must determine whether we have jurisdiction over this appeal.
" 'Even though the issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this appeal. "Jurisdictional matters are of such importance that a court may take notice of them ex mero motu." McMurphy v. East Bay Clothiers, 892 So.2d 395, 397 (Ala. Civ. App. 2004). "[T]he question whether a judgment is final is a jurisdictional question." Johnson v. Johnson, 835 So.2d 1032, 1034 (Ala. Civ. App. 2002). "A final judgment is one that disposes of all the claims and controversies between the parties." Heaston v. Nabors, 889 So.2d 588, 590 (Ala. Civ. App. 2004).' "
Martin v. Cowart, 84 So.3d 114, 115 (Ala. Civ. App. 2011) (quoting Decker v. Decker, 984 So.2d 1216, 1219 (Ala. Civ. App. 2007) ); see Wesley v. Brandon, 419 So.2d 257, 258 (Ala. Civ. App. 1982) (quoting Sexton v. Sexton, 280 Ala. 479, 481, 195 So.2d 531, 533 (1967) ) (observing that whether an order is final may be phrased as whether there is " 'something more for the [trial] court to do' ").[3]
In this case, the father filed a complaint seeking, among other things, a finding of contempt against the mother, and he reasserted that claim at trial. The judgment *302 did not dispose of the father's contempt claim. Therefore, the father's appeal was taken from a nonfinal judgment. See Martin v. Cowart, 84 So.3d at 116 (holding that a judgment lacking a disposition of a party's contempt petition rendered the judgment nonfinal). Accordingly, we dismiss the appeal. See Nicke v. Minter, 195 So.3d 274, 278 (Ala. Civ. App. 2015) (holding that reviewing court had a duty to dismiss the appeal upon a determination that the appealed order was nonfinal).
The mother's request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

Although a motion to reconsider may be treated as a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., when it is directed to a final judgment, see Evans v. Waddell, 689 So.2d 23, 26-27 (Ala. 1997), as explained in this opinion, the June 28, 2017, judgment is not final.

We note that Rule 59, Ala. R. Civ. P., applies only in regard to a final judgment. Day v. Davis, 989 So.2d 1118, 1120 (Ala. Civ. App. 2008). We also note that the father alleges that the mother's counterclaim was unverified and should have been filed as a separate action. However, no legal authority was provided to support that argument. See White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala. 2008) ("Rule 28(a)(10)[, Ala. R. App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party's position.").

An appeal of an order that does not dispose of all claims or controversies " 'may be had "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." See Rule 54(b), Ala. R. Civ. P.; Baker v. Johnson, 448 So.2d 355, 358 (Ala. 1984).' " Nicke v. Minter, 195 So.3d 274, 278 (Ala. Civ. App. 2015) (quoting Eubanks v. McCollum, 828 So.2d 935, 937 (Ala. Civ. App. 2002) ).