MOORE, Judge.
 

 Elizabeth Day Sanders (“the wife”) appeals from an order of the Lee Circuit Court granting a motion for a new trial filed by C. Shane Sanders (“the husband”) in the parties’ divorce proceeding. We dismiss the appeal.
 

 On November 9, 2007, the wife filed a complaint seeking a divorce from the husband. On January 29, 2008, the husband answered and counterclaimed for a divorce. The wife denied all allegations in the husband’s counterclaim. A pendente lite order was subsequently entered that, among other things, required the husband to pay the wife $1,000 per month, set forth a custody schedule, prohibited the parties from being under the influence of alcohol during their respective custodial periods, and prohibited the parties from speaking negatively about the other party in the presence of their children and from discussing legal matters with the children. Subsequently, on February 8, 2008, the wife filed a motion requesting that the trial court hold the husband in contempt for violating the pendente lite order; the record does not contain an order disposing of that motion.
 

 After a trial, the trial court entered a judgment on September 5, 2008, that, among other things, divorced the parties on the ground of incompatibility, awarded the parties joint custody of their children, ordered the husband to pay child support and rehabilitative alimony, ordered the parties to sell the marital home, and divided the parties’ personal property and debts. The judgment did not dispose of the wife’s motion for contempt. On October 5, 2008, the husband filed a motion to alter, amend, or vacate the September 5, 2008, judgment or, in the alternative, for a new trial, pursuant to Rule 59, Ala. R. Civ. P. Following a hearing on the husband’s motion, the trial court entered an order granting a new trial. The wife filed a motion to alter or amend the trial court’s order granting a new trial. The trial court denied her motion, and the wife timely appealed.
 

 On appeal, the wife argues that the husband failed to meet the required elements to be entitled to a new trial. We must, however, initially determine whether this court has jurisdiction to consider this appeal.
 

 “ ‘It is well settled law that “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero motu.”
 
 ’
 
 Pace v. Utilities Bd. of Foley,
 
 752 So.2d 510, 511 (Ala.Civ.App.1999) (quoting
 
 Singleton v. Graham,
 
 716 So.2d 224, 225 (Ala. Civ.App.1998)). ... Additionally, ‘[t]he question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.’
 
 Hubbard v. Hubbard,
 
 935 So.2d 1191, 1192 (Ala.Civ.App.2006).”
 

 Parker v. Parker,
 
 946 So.2d 480, 485 (Ala.Civ.App.2006).
 

 Although an order granting a motion for a new trial is appealable pursu
 
 *599
 
 ant to Ala.Code 1975, § 12-22-10,
 
 [1]
 
 we note that a motion for a new trial can be filed only in reference to a final judgment.
 
 Thompson v. Gardner,
 
 889 So.2d 596, 599 n. 1 (Ala.Civ.App.2004). “A final judgment is one that disposes of all the claims and controversies between the parties.”
 
 Heaston v. Nabors,
 
 889 So.2d 588, 590 (Ala.Civ.App.2004). In the present case, the trial court’s September 5, 2008, judgment did not dispose of the wife’s February 8, 2008, motion for contempt. Accordingly, the judgment did not fully adjudicate all the present controversies between the parties and is, therefore, not a final judgment.
 
 See
 
 Rule 54(b), Ala. R. Civ. P.;
 
 Decker v. Decker,
 
 984 So.2d 1216, 1220 (Ala.Civ.App.2007); and
 
 Wallace v. Tee Jays Mfg. Co.,
 
 689 So.2d 210, 211-12 (Ala.Civ.App.1997).
 

 Based on the foregoing, we must dismiss the appeal.
 
 See Decker,
 
 984 So.2d at 1220; and
 
 Thompson,
 
 889 So.2d at 599 n. 1.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . Section 12-22-10 states: "Either party in a civil case, or the defendant in a criminal case, may appeal to the appropriate appellate court from an order granting or refusing a motion for a new trial by the circuit court.”