BRYAN, Judge.
 

 Tracy Rene Logan (“the wife”) appeals from a judgment of the Mobile Circuit Court divorcing her from Ronald Keith Logan (“the husband”) insofar as it awarded custody of the parties’ three children to the husband and divided the parties’ marital property. We dismiss the appeal as being from a nonfinal judgment.
 

 On September 19, 2006, the husband sued the wife for a divorce on the grounds of incompatibility of temperament. The husband sought custody of the parties’ children and child support from the wife. The husband submitted a written settlement agreement signed by both parties with his complaint for a divorce. However, the parties reconciled shortly thereafter, and the husband filed a motion to withdraw the settlement agreement on October 26, 2006.
 

 On January 25, 2008, the wife filed an answer to the husband’s complaint for a divorce and a counterclaim for a divorce. The wife sought custody of the parties’ children, an equitable division of the parties’ property, and payment of her attorney’s fees. The husband filed an amended complaint for a divorce on February 8, 2008, seeking, among other things, an equitable division of the parties’ marital property and debts.
 

 On February 22, 2008, the trial court issued an order that required the parties to maintain the status quo regarding payment of the parties’ mortgage on the marital residence. The trial court issued an order on August 26, 2008, that, among other things, ordered the husband to pay the mortgage on the marital residence. On September 3, 2008, the wife filed a motion seeking to hold the husband in contempt for his failure to pay the mortgage on the marital residence in compliance with the trial court’s August 26, 2008, order. The wife attached to her motion a “Notice of Foreclosure,” which stated that the marital residence was due to be sold at a public auction on September 23, 2008. On September 8, 2008, the trial court entered an order setting the wife’s motion for contempt for an “office conference” on September 17, 2008. There is no indication in the record that the trial court ruled on the wife’s motion for contempt.
 

 
 *723
 
 The trial court conducted an ore tenus hearing on December 10, 2008, and on December 23, 2008, the trial court entered a judgment that divorced the parties, awarded custody of the parties’ children to the husband, and divided the parties’ marital assets and debts. The judgment did not dispose of the wife’s motion for contempt. The wife filed a motion for a new trial or, in the alternative, a motion to alter, amend, or vacate the trial court’s judgment pursuant to Rule 59, Ala. R. Civ. P. Following a hearing, the trial court denied the wife’s postjudgment motion on March 19, 2009. The wife timely appealed.
 

 The wife raises four issues on appeal relating to the trial court’s award of custody of the children to the husband and the division of the marital assets. However, we must first determine whether this court has jurisdiction to consider this appeal.
 

 “ ‘It is well settled law that “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero motu.”
 
 ’
 
 Pace v. Utilities Bd. of Foley,
 
 752 So.2d 510, 511 (Ala.Civ.App.1999) (quoting
 
 Singleton v. Graham,
 
 716 So.2d 224, 225 (Ala.Civ.App.1998)). We also note that an untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived.
 
 Luker v. Carrell,
 
 25 So.3d 1148, 1151 (Ala.Civ.App.2006). Additionally, ‘[t]he question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.’
 
 Hubbard v. Hubbard,
 
 935 So.2d 1191, 1192 (Ala.Civ.App.2006).”
 

 Parker v. Parker,
 
 946 So.2d 480, 485 (Ala.Civ.App.2006).
 

 “ ‘A final judgment is one that disposes of all the claims and controversies between the parties.’ ”
 
 Sanders v. Sanders,
 
 32 So.3d 597, 599 (Ala.Civ.App.2009) (quoting
 
 Heaston v. Nabors,
 
 889 So.2d 588, 590 (Ala.Civ.App.2004)). “[A] trial court’s failure to rule on a contempt motion relating to an interlocutory order would render any subsequent judgment nonfinal because the filing of the contempt motion would not be considered as having initiated a separate proceeding.”
 
 Decker v. Decker,
 
 984 So.2d 1216, 1220 (Ala.Civ.App.2007). In the present ease, the trial court’s failure to dispose of the wife’s September 3, 2008, motion for contempt renders the trial court’s December 23, 2008, judgment non-final. Therefore, the wife’s appeal must be dismissed.
 
 See Sanders v. Sanders,
 
 32 So.3d at 599; and
 
 Brunson v. Brunson,
 
 991 So.2d 723 (Ala.Civ.App.2007).
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., .and PITTMAN, THOMAS, and MOORE, JJ., concur.