THOMAS, Judge.
Rebecca Perry (“the wife”) appeals from a judgment of the Montgomery Circuit Court divorcing her from Randall Perry (“the husband”). Because we conclude that the circuit court’s judgment is a nonfi-nal judgment, we dismiss the appeal.
The parties were married on May 1, 1982. On June 28, 2010, the husband filed an action seeking a divorce from the wife and an equitable division of the marital assets and debts. The wife filed her answer and, on August 13, 2010, a motion for pendente lite relief in which she sought various types of relief, including orders requiring the husband to pay pendente lite support to her, requiring the husband to continue to deposit his weekly paycheck into the parties’ checking account, and allowing the wife to have exclusive possession of the marital residence.
*800 On August 20, 2010, the circuit court notified the parties that a special master would hold a hearing on the pendente lite issues on September 8, 2010. After that hearing was postponed, the wife filed a motion with the circuit court styled as a “Motion to Maintain Status Quo,” in which she claimed that the husband had refused to provide funds to her or to pay certain household bills as he had done in the past. On September 28, 2010, the circuit court issued an order requiring the parties to maintain the status quo during the pen-dency of the divorce action. The circuit court’s order stated that “any violation of this Order shall be deemed to be contumacious behavior by the offending party which will subject the offending party to sanctions for any such behavior.”
On October 14, 2010, the wife filed a motion for contempt against the husband. On October 25, 2010, the circuit court issued an order that stated, in pertinent part, that the wife’s contempt motion “shall be heard at the final hearing in this matter.” The circuit court conducted an ore tenus hearing on January 12 and 14, 2011. On February 8, 2011, the circuit court entered its judgment divorcing the parties; however, the judgment failed to dispose of the wife’s motion for contempt. On March 7, 2011, the wife filed a motion to alter, amend, or vacate the circuit court’s judgment pursuant to Rule 59, Ala. R. Civ. P. The circuit court denied the wife’s postjudgment motion on May 4, 2011. The wife filed a timely notice of appeal to this court on June 9, 2011.
This court has appellate jurisdiction over appeals from judgments that are final. § 12-22-2, Ala.Code 1975.
“ ‘ “A final judgment is a termi-native decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself.... All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own.”
“‘Jewell v, Jackson & Whitsitt Cotton Co., 331 So.2d 623, 625 (Ala.1976).’ ”
Brown v. Melton, 29 So.3d 868, 872 (Ala.2009) (quoting McGill v. McGill, 888 So.2d 502, 504 (Ala.Civ.App.2004)). In this case, the circuit court has failed to resolve the wife’s contempt motion.
Logan v. Logan, 40 So.3d 721 (Ala.Civ.App.2009), presented a similar situation to this court. In that case, the husband filed for a divorce and the trial court issued an order requiring the parties to maintain the status quo. Id. at 722. When the husband failed to make a monthly mortgage payment, the wife filed a motion for contempt. Id. The trial court conducted a hearing but failed to dispose of the wife’s contempt motion in its judgment. We determined that this court did not have jurisdiction over the appeal.
“ ‘ “A final judgment is one that disposes of all the claims and controversies between the parties.” ’ Sanders v. Sanders, 32 So.3d 597, 599 (Ala.Civ.App.2009) (quoting Heaston v. Nabors, 889 So.2d 588, 590 (Ala.Civ.App.2004)). ‘[A] trial court’s failure to rule on a contempt motion relating to an interlocutory order would render any subsequent judgment nonfinal because the filing of the contempt motion would not be considered as having initiated a separate proceeding’ Decker v. Decker, 984 So.2d 1216, 1220 (Ala.Civ.App.2007). In the present case, the trial court’s failure to dispose of the wife’s September 3, 2008, motion for contempt renders the trial court’s December 23, 2008, judgment nonfinal. Therefore, the wife’s appeal must be dismissed. See Sanders v. Sanders, 32 *801 So.3d at 599; and Brunson v. Brunson, 991 So.2d 728 (Ala.Civ.App.2007).”
Id. at 728.
In the present case, we conclude that all the claims between the parties have not been resolved. The circuit court failed to rule on the wife’s contempt motion that related to an interlocutory order — the status quo order. Thus, the wife’s filing of the contempt motion cannot be considered to have initiated a separate proceeding. The wife’s motion to hold the husband in contempt remains pending before the circuit court, rendering that court’s judgment nonfinal. A nonfinal judgment will not support an appeal; therefore, this court must dismiss the wife’s appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.