THOMAS, Judge.
Jennifer Plott Burkhalter (“the wife”) appeals from a judgment of the Autauga Circuit Court divorcing her from Charles Randall Burkhalter (“the husband”) and dividing the parties’ marital property. We dismiss the appeal as being from a nonfinal judgment.
The parties were married on August 7, 2004. On May 14, 2010, the husband filed an action seeking a divorce from the wife and an equitable division of the marital assets. The wife filed an answer to the husband’s complaint and counterpetitioned *555 for a divorce. On May 19, 2010, the trial court entered a “standing pendente lite” order requiring that the parties “coordinate the payment of fixed monthly expenses,” among other things.
On August 17, 2010, the wife filed a motion for contempt alleging that the husband had failed to abide by the trial court’s standing pendente lite order regarding the payment of monthly expenses. The husband responded to the wife’s contempt motion, stating that it was moot. On December 30, 2010, the wife filed a motion for attorney fees and expenses. On March 11, 2011, the wife filed a second motion for contempt against the husband. The trial court entered an order setting a hearing on the wife’s second contempt motion for May 3, 2011. On May 1, 2011, the wife filed a motion with the trial court styled as “wife’s summary of husband’s contempt of pendente lite order,” in which she specifically stated each incident of the husband’s alleged violations of the trial court’s standing pendente lite order.
On May 3, 2011, the trial court heard ore tenus testimony regarding the divorce petitions, the wife’s motion seeking attorney fees and costs, and the wife’s contempt motions. The trial court entered a judgment divorcing the parties, dividing the marital property, and denying the wife’s request for attorney fees and expenses on May 17, 2011; however, the judgment failed to dispose of the wife’s motions for contempt. On June 1, 2011, the wife filed a motion to alter, amend, or vacate. The husband filed a motion for contempt against the wife on June 13, 2011, alleging that she had removed items of personal property from the marital home that the trial court had awarded to him in its judgment. The trial court denied the wife’s postjudgment motion on July 27, 2011. The wife timely appealed to this court.
On appeal, the wife argues that the trial court erred in dividing the parties’ marital property and in failing to award her alimony. However, we must first determine whether this court has jurisdiction to consider this appeal.
“This court has appellate jurisdiction over appeals from judgments that are final. § 12-22-2, Ala.Code 1975.” Perry v. Perry, 92 So.3d 799, 800 (Ala.Civ.App.2012). “‘[T]he question whether a judgment is final is a jurisdictional question.’ Johnson v. Johnson, 835 So.2d 1032, 1034 (Ala.Civ.App.2002). ‘A final judgment is one that disposes of all the claims and controversies between the parties.’ Heaston v. Nabors, 889 So.2d 588, 590 (Ala.Civ.App.2004).” Decker v. Decker, 984 So.2d 1216, 1219 (Ala.Civ.App.2007).
It is well settled that “a trial court’s failure to rule on a contempt motion relating to an interlocutory order would render any subsequent judgment nonfinal because the filing of the contempt motion would not be considered as having initiated a separate proceeding.” Decker v. Decker, 984 So.2d at 1220; see Perry, 92 So.3d at 800 (dismissing the wife’s appeal as being from a nonfinal judgment because the trial court had failed to rule on the wife’s contempt motion regarding the husband’s failure to abide by the trial court’s status quo order); Logan v. Logan, 40 So.3d 721, 723 (Ala.Civ.App.2009) (same). In this case, the wife filed two motions for contempt against the husband for his alleged failure to abide by the standing pen-dente lite order. Thus, the trial court’s failure to dispose of the wife’s contempt motions renders the trial court’s judgment nonfinal, and we must dismiss the wife’s *556 appeal.[1]
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Although the husband s June 13, 2011, contempt motion would have initiated a separate and independent action had it been filed after a final judgment of divorce was entered, see Wilcoxen v. Wilcoxen, 907 So.2d 447, 449 n. 1 (Ala.Civ.App.2005), and Decker, 984 So.2d at 1219-20, the husband’s June 13, 2011, contempt motion did not initiate a separate and independent proceeding because, as we determined above, the trial court’s divorce judgment was not final. Accordingly, the trial court must rule on all pending contempt motions filed by the husband and the wife in order to enter a final judgment of divorce.