PITTMAN, Judge.
Sharon Powers (“the mother”) appeals from an interlocutory judgment entered by the Madison Circuit Court (“the trial court”) in a child-custody proceeding. Because the judgment appealed from is not a final judgment, we dismiss the appeal.
In 2009, William P. Nikonchuk (“the father”) was adjudicated to be the biological father of a child to whom the mother had *714 given birth in 2007, and he agreed that the mother could have primary physical custody of the child and that he would pay child support. However, in December 2010, he filed an emergency petition seeking primary physical custody of the child based on an allegation that the mother had attempted to commit suicide. Following a hearing, the trial court entered a pendente lite order granting the father primary physical custody, granting the mother visitation in accordance with the trial court’s standard visitation schedule, and suspending the father’s payment of child support.
In October 2011, the father filed a petition asking the trial court to hold the mother in contempt based on an allegation that she had violated a provision of the trial court’s standard visitation schedule providing for visitation during fall breaks from school, and the mother filed a petition asking the trial court to hold the father in contempt based on an allegation that he had violated a provision of the trial court’s standard visitation schedule providing for telephone visitation. In November 2011, the trial court held a hearing regarding the father’s contempt petition and, at the conclusion of that hearing, orally announced that it would not hold the mother in contempt; however, the trial court did not enter a written order ruling on the father’s October 2011 contempt petition. The trial court also did not enter a written order ruling on the mother’s October 2011 contempt petition. In March 2012, the mother filed a renewed contempt petition, alleging that the father had continued to violate the provision of the trial court’s standard visitation schedule providing for telephone visitation. In October 2012, the father filed a petition asking the trial court to hold the mother in contempt based on an allegation that the mother had not paid child support pursuant to an oral order of the trial court announced at a hearing on August 17, 2012.
On March 23, May 18, August 17, and October 24, 2012, the trial court received evidence ore tenus concerning whether primary physical custody should be transferred to the father and, if so, the amount of child support the mother should be ordered to pay. During the October 24, 2012, evidentiary hearing, the trial court orally stated that it would defer ruling on the parties’ contempt claims and implied that it would hold a separate evidentiary hearing regarding those claims. However, the record on appeal does not contain any indication that the trial court subsequently held an evidentiary hearing regarding the contempt claims, and it does not contain any written orders ruling on those claims.
In December 2012, the trial court entered a judgment (“the December 2012 judgment”) granting the father primary physical custody; granting the mother visitation; ordering the mother to pay child support in an amount to be calculated by the guardian ad litem based on Rule 32, Ala. R. Jud. Admin., and the evidence; and ordering the guardian ád litem to calculate the amount of any child-support arrearage owed by the mother. The December 2012 judgment did not rule on the parties’ contempt claims — indeed, it did not even mention them or refer to them in any way. The mother filed a motion to alter, amend, or vacate the December 2012 judgment, which the trial court denied in December 2012. The mother then filed a notice of appeal in January 2013.
Because it was apparent upon the face of the December 2012 judgment that it had not fully disposed of either the father’s claim seeking child support with respect to the period subsequent to the entry of the December 2012 judgment or the father’s claim seeking past-due child support, this court reinvested the trial court with jurisdiction to dispose fully of those claims. In *715 April 2013, the trial court entered an order (“the April 2013 order”) amending the December 2012 judgment to dispose fully of those claims by specifying that the amount of the mother’s child-support obligation was $800 per month and that the mother owed unpaid past child support in the amount of $6,542.
However, when this court subsequently reviewed the entire record on appeal, it discovered that the parties had asserted the contempt claims described above, which were not mentioned or referred to in either the December 2012 judgment or the April 2013 order. Although the trial court had orally announced at the November 2011 hearing that it would deny the father’s October 2011 contempt petition, it did not subsequently render and enter a written order ruling on that contempt petition as required by Rule 58, Ala. R. Civ. P. In Baxley, Dillard, Dauphin, McKnight & James v. Burt, 101 So.3d 784, 787 (Ala.Civ.App.2012), this court stated:
“Rule 58(a), Ala. R. Civ. P., provides:
“ ‘A judge may render an order or a judgment: (1) by executing a separate written document, (2) by including the order or judgment in a judicial opinion, (3) by endorsing upon a motion the words “granted,” “denied,” “moot,” or words of similar import, and dating and signing or initialing it, (4) by making or causing to be made a notation in the court records, or (5) by executing and transmitting an electronic document to the electronic-filing system.’
“In Ex parte Chamblee, 899 So.2d 244, 248 (Ala.2004), the supreme court stated:
“ ‘Although Rule 58(a) relates simply to the “rendition” of judgments and orders, whereas Rule 58(c) describes the formalities that must attend the “entry” of a judgment or order, even Rule 58(a) requires, in each instance, a written memorialization by the judge of his or her rendition of the order or judgment in question. Stated otherwise, Rule 58(a) does not allow for an oral rendition of a judgment or order.’
“(Emphasis added.) Although Rule 58(a) has been amended since Chamblee was decided, that rule still does not allow for an oral rendition of a judgment or order.”
Thus, the trial court’s oral announcement at the November 2011 hearing that it was going to deny the father’s October 2011 contempt petition did not effectively dispose of the contempt claim asserted in that contempt petition. Moreover, with respect to the parties’ other contempt claims, the record on appeal does not contain even oral rulings much less written rulings rendered and entered in accordance with Rule 58. Consequently, the trial court has not disposed of those contempt claims either.
In Burkhalter v. Burkhalter, 98 So.3d 554, 555 (Ala.Civ.App.2012), this court stated:
“ ‘This court has appellate jurisdiction over appeals from judgments that are final. § 12-22-2, Ala.Code 1975.’ Perry v. Perry, 92 So.3d 799, 800 (Ala.Civ.App.2012). ‘ “[T]he question whether a judgment is final is a jurisdictional question.” Johnson v. Johnson, 835 So.2d 1032, 1034 (Ala.Civ.App.2002). “A final judgment is one that disposes of all the claims and controversies between the parties.” Heaston v. Nabors, 889 So.2d 588, 590 (Ala.Civ.App.2004).’ Decker v. Decker, 984 So.2d 1216, 1219 (Ala.Civ.App.2007).
“It is well settled that ‘a trial court’s failure to rule on a contempt motion relating to an interlocutory order would render any subsequent judgment nonfi-nal because the filing of the contempt motion would not be considered as hav *716 ing initiated a separate proceeding.’ Decker v. Decker, 984 So.2d at 1220; see Perry, 92 So.3d at 800 (dismissing the wife’s appeal as being from a nonfinal judgment because the trial court had failed to rule on the wife’s contempt motion regarding the husband’s failure to abide by the trial court’s status quo order); Logan v. Logan, 40 So.3d 721, 723 (Ala.Civ.App.2009) (same).”
Accordingly, in the present case, we conclude that, because the trial court has not disposed of the parties’ contempt claims, the judgment appealed from is not a final judgment. See Burkhalter. Therefore, we dismiss the mother’s appeal. Id.
APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.