DONALDSON, Judge.
Emmett Gary Frosolono and Linda Brewer Frosolono appeal the order of the Randolph Circuit Court (“the trial court”) finding in favor of a married couple, Kenneth Jates and Kimberly Yates, and tyvo brothers, Glenn Edward Johnson and Donald Andreyv Johnson, on their adverse-possession claims. Because it was taken from a, nonfinal judgment, we dismiss the appeaj. . .

Facts and Procedural History

The following facts and procedural history'are pertinent' to-the disposition of this appeal. The dispute in this case concerns a. portion of land (“the disputed land”) located between adjoining properties. The Frosolonos’ approximately 40-acre property is located on one side, to the west of the disputed land, and the Yateses’ and the Johnsons’ properties are located on the other side, to the .east. The. Yateses’ property is located,north of the Johnsons’ property. According to the property descriptions in the. parties’ deeds, the disputed land begins at the Yateses’- and the John-sons’ western property lines and extends westward into the Frosolonos’ property. The western boundary of the disputed land is demarcated by a fence that runs from north to south, followed by remnants of a fence, and then a ditch. The disputed land comprises between two and three acres.
*516 On July 24, 2013, the Yateses and the Johnsons jointly filed a complaint against the Frosolonos. The Yateses and the Johnsons each claimed the portion of the disputed land parallel to their property through adverse possession. On August 7, 2013, the parties filed motions for restraining orders against each • other, alleging harassment and interference with their respective property rights. After a hearing, the trial court entered a temporary restraining order on November 4, 2013, prohibiting each party from harassing the others and from making permanent changes to the disputed land pending, the final hearing. ¡
On December 9, 2014, the Frosolonos filed a motion for findings of contempt against the Yateses and the Johnsons, attaching a police report dated November 16, 2014. They alleged in the motion that the Yateses and the Johnsons had violated the trial court’s temporary restraining order by plowing fields in the disputed' land. The Yateses and the Johnsons responded by denying .the allegations. The ■ record does not contain an order by the trial court on the contempt motion.
After a trial, the trial court entered an order on January 15, 2015, ruling in favor of the Yateses and the Johnsons. Regarding the Yateses’ claim, the trial court stated:
“1. The Complaint for Quiet Title filed by Plaintiffs, Kenneth and Kimberly Yates, is GRANTED. They h'ave held open, obvious, notorious physical possession of the property at issue for in excess of twenty (20) years. All parties testified to the existence of a fence on the western edge of the [Yateses’] property. That fence is hereby declared to be the property line between the [Yates-es] and the [Frosolonos]. The [Yateses] shall, at their expense, have the fence line (or very close to it) surveyed within sixty (60) days. If the fence does not extend to the southern boundary of the [Yateses’] property, the survey description shall extend beyond the fence in the same direction until the boundary is reached. That survey description shall be submitted to the Court. A subsequent Order will be entered adopting that survey description as the property line.”
On February 26, 2015, the Frosolonos filed a timely notice of appeal to the supreme court. On March 4, 2015, the supreme court deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975. On appeal, the Frosolonos contend that insufficient evidence supports the trial court’s January 15, 2015, order regarding ownership of the disputed land.

Discussion

As a threshold matter, we must first determine whether the appeal is taken from a final judgment. “‘[J]urisdic-tional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Raybon v. Hall, 17 So.3d 673, 675 (Ala.Civ.App.2009) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). “‘The question whether an order appealed from is final is jurisdictional, and the reviewing court, on a determination that the order is not final, has a duty to dismiss the case on its own motion.’ ” Hinson v. Hinson, 745 So.2d 280, 281 (Ala.Civ.App.1999) (quoting Powell v. Powell, 718 So.2d 80, 82 (Ala.Civ.App.1998)).
“1 “An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties.” ’ ” Hall v. Reynolds, 27 So.3d 479, 481 (Ala.2009) (quoting Queen v. Belcher, 888 So.2d 472, 475 (Ala.2003), quoting in turn Palughi v. *517 Dow, 659 So.2d 112, 113 (Ala.1995)). ' “The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.” Laney v. Garmon, 25 So.3d 478 480 (Ala.Civ.App.2009).
There are two reasons why the appeal in this case is not from a final judgment. First, the January 15, 2015, order does not adjudicate the Frosolonos’ contempt motion.
“ ‘It is well settled that “a trial court’s failure to rule on a contempt motion relating to an interlocutory order would render any subsequent judgment nonfi-nal because the filing of the contempt motion would not be considered as having initiated a separate proceeding,” Decker v. Decker, 984 So.2d [1216,] 1220 [ (Ala.Civ.App.2007) ]; see Perry[ v. Perry], 92 So.3d [799,] 800 [(Ala.Civ.App.2012) ] (dismissing the wife’s appeal as being from a nonfinal judgment because the trial court had failed to rule on the wife’s contempt motion regarding, the husband’s failure to abide by the. trial court’s status quo order); Logan v. Logan, 40 So.3d 721, 723 (Ala.Civ.App.2009) (same).’ ”
Powers v. Nikonchuk, 142 So.3d 713, 715-16 (Ala.Civ.App.2013) (quoting Burkhalter v. Burkhalter, 98 So.3d 554, 555 (Ala.Civ.App.2012)). The contempt motion in this case relates to the interlocutory temporary restraining order, and the trial court did not express anywhere in the record an intent to grant or to deny the Frosolonos’ contempt motion. We note that the ruling in favor of the Yateses and the Johnsons on their adverse-possession claims does not necessarily preclude a finding that they violated the temporary restraining order during the pendency of the proceedings. Therefore, the failure to rule on the Frosolonos’ contempt motion renders the January 15,2015, order nonfinal.
Second, the January 15,2015, order by its terms is interlocutory as to the establishment of a boundary line between the properties owned by the Yateses and the Frosolonos. The trial court found the fence to be the boundary of the portion of the disputed land claimed by. the Yateses and ordered a survey;- however, the trial court stated: “If the fence does not extend to the southern boundary of the [Yateses’] property, the survey description shall extend beyond the fence in the same direction until the boundary is reached.” Thus, the fence may not establish the entire boundary line determined by the trial court’s order. Section 35-3-20(a), Ala. Code 1975, provides that a court may order a survey for the “proper entering of a description in the judgment” in establishing a boundary between properties owned by coterminous landowners. Such an order “is interlocutory and subject to alteration at any time before a final [judgment].” Tanner v. Dobbins, 251 Ala. 392, 395, 37 So.2d 520, 523 (1948). This court has also stated:
“Section 35-3-3, Ala.Code 1975, provides that a court may order a survey ‘after the entry of judgment’ if the boundary lines at issue, are otherwise ascertainable by -reference to ‘well-known permanent landmarks.’ ... In an appropriate case, reference to § 35-3-3 could be useful in determining whether an otherwise interlocutory judgment should be certified as final pursuant to Rule 54(b), Ala. R. Civ. P., before the preparation of the survey.”
Webb v. Mitchell, 124 So.3d 139, 145 n. 5 (Ala.Civ.App.2013). Because the trial court ordered a survey to 'establish a ■boundary line in a subsequent order, the January 15, 2015, order is interlocutory. “To phrase the matter another way, there remains ‘ “something more for the court to do” ’ ” regarding the boundary line. Hub *518 bard v. Hubbard, 935 So.2d 1191, 1193 (Ala.Civ.App.2006) (quoting Owens v. Owens, 739 So.2d 511, 513 (Ala.Civ.App.1999), quoting in turn Wesley v. Brandon, 419 So.2d 257, 258 (Ala.Civ.App.1982)).
For the foregoing reasons, the appeal is taken from a nonfinal order, and therefore we do not have appellate jurisdiction. Accordingly, we must dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.