DONALDSON, Judge.
Barry G. Curtis (“the husband”) appeals from a judgment of the Talladega Circuit Court (“the trial court”) entered in an action in which he is seeking a divorce from Mia Simone Curtis (“the wife”). Because we determine that the husband has appealed from a nonfinal judgment and, therefore, that this court has no jurisdiction, we dismiss the appeal.
A brief account of the pertinent facts follows. On May 9, 2011, the husband filed a complaint for a divorce in the trial court. On June 2, 2011, the wife filed an answer and a counterclaim for a divorce. On June 30, 2011, the trial court entered a pendente lite order granting temporary custody of the parties’ children to the wife and directing the husband to pay certain expenses. After a lengthy and apparently contentious discovery process, the trial court held nine evidentiary hearings between October 2013 and May 2014. The wife filed a motion seeking to hold the husband in contempt on October 31, 2014, in which she asserted that the husband had violated the trial court’s pendente lite order entered on June 30, 2011, by failing to pay certain ordered expenses. Specifically, the wife alleged that the husband *1121 had failed to pay for pool supplies, to pay rent on the parties’ lake house, to pay for cellular telephone expenses, to pay for utility expenses, and to pay his child-support obligation. The wife requested:
“1. That the [husband] be required to pay all child support amounts which are past due and payable and all expenses as set forth in paragraph 5 of the Pendente Lite Order in which [the husband] is in arrears.
“2. That the [husband] be held in contempt for willfully and contemptuously failing to pay to the [wife] the child support and expenses as set forth in paragraph 2 and 5 of the Pendente Lite Order.”
On December 15, 2014, the trial court entered a judgment of divorce. In that judgment, the trial court awarded the wife, among other relief, $5,836.40 for “sums which have been previously ordered by the Court in the Pendente Lite Hearing and which have not been paid by the [husband].” On January 12, 2015, the husband filed a postjudgment motion in which he asserted, among other things, that the wife was not entitled to the relief apparently awarded on her contempt claims. The parties expressly agreed, and the trial court ordered, on three separate occasions, to extend the time allowed for disposition of the husband’s postjudgment motion, with the final agreement extending the deadline to July 30, 2015. The trial court entered a revised judgment on July 28, 2015, after holding a hearing on the husband’s postjudgment motion. The trial court did not address the wife’s contempt claims in its July 28, 2015, judgment.
On August 20, 2015, the husband filed a motion in which he requested the trial court to vacate the December 15, 2014, judgment because, he contended, it conflicted with the revised judgment entered on July 28, 2015.[1] The husband filed his notice of appeal on September 4, 2015.
“ ‘This court has appellate jurisdiction over appeals from judgments that are final. § 12-22-2, Ala.Code 1975.’ Perry v. Perry, 92 So.3d 799, 800 (Ala.Civ.App.2012). ‘ “[T]he question whether a judgment is final is a jurisdictional question.” Johnson v. Johnson, 835 So.2d 1032, 1034 (Ala.Civ.App.2002). “A final judgment is one that disposes of all the claims and controversies between the parties.” Heaston v. Nabors, 889 So.2d 588, 590 (Ala.Civ.App.2004).’ Decker v. Decker, 984 So.2d 1216, 1219 (Ala.Civ.App.2007).”
Burkhalter v. Burkhalter, 98 So.3d 554, 555 (Ala.Civ.App.2012). The wife asserts that the July 28, 2015, judgment is nonfi-nal because it fails to dispose of the claims contained in her contempt motion. The husband argues that the exclusion of an award on the wife’s contempt claims in the July 28, 2015, judgment was intentional and that that judgment should be construed as denying the wife’s contempt motion.
“It is well settled that ‘a trial court’s failure to rule on a contempt motion relating to an interlocutory order would render any subsequent judgment nonfi-nal because the filing of the contempt motion would not be considered as having initiated a separate proceeding.’ *1122 Decker v. Decker, 984 So.2d [1216,] 1220, [(Ala.Civ.App.2007)]; see Perry [v. Perry ], 92 So.3d [799,] 800 [ (Ala.Civ.App. 2012) ] (dismissing the wife’s appeal as being from a nonfinal judgment because the trial court had failed to rule on the wife’s contempt motion regarding the husband’s failure to abide by the trial court’s status quo order); Logan v. Logan, 40 So.3d 721, 723 (Ala.Civ.App.2009) (same).’’
Id. The trial court neither afforded nor denied relief relative to the wife’s contempt claims in its July 28, 2015, judgment. The husband, in his initial brief to this court, states that the “record before this Court does not indicate that [the wife’s contempt] Motion was ever disposed of during the course of the pending action.” However, in his reply brief, the husband argues that the trial court’s December 15, 2014, judgment resolved the wife’s contempt claims and that the trial court intentionally omitted relief on those claims in its July 28, 2015, judgment entered after the postjudgment proceedings. The husband has not pointed this court to any authority for the proposition that the omission of a provision that was in an original judgment from an amended judgment is to be presumed to be intentional, and we note that the record does not contain a transcript from any postjudgment hearing. We have previously held that,
“before making a determination regarding the finality of a judgment that does not explicitly address a pending contempt petition, this court will consider whether any part of the trial court’s judgment implicitly rules on the pending contempt petition that was not explicitly ruled on in the judgment. [Brunson v. Brunson, 991 So.2d 723, 724-725 (Ala.Civ.App.2007) ] (quoting Heaston v. Nabors, 889 So.2d 588, 590 (Ala.Civ.App.2004)); see also A.C. v. C.C., 34 So.3d 1281, 1287 (Ala.Civ.App.2009) (dismissing an appeal as being from a nonfinal judgment when several pending contempt motions were left unadjudicated and there was nothing in the trial court’s purported final judgment that ‘constitute[d] an implicit ruling on any of the contempt motions’).”
Faellaci v. Faellaci, 67 So.3d 923, 925 (Ala.Civ.App.2011). Based on the information in the record, we cannot construe the trial court’s omission of a provision relating to the wife’s contempt motion in its July 28, 2015, judgment as an intentional denial of the wife’s requested relief. Because the trial court’s judgment fails to completely resolve all the claims of the parties, it is not a final judgment; therefore, this court does not have jurisdiction to consider the appeal. Id. Accordingly, the appeal is dismissed,
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs in the result, without writing.

. The trial court entered an order purporting to vacate the December 15, 2014, judgment on October 22, 2015, after the husband had filed his notice of appeal. We note that, “ ‘[ojnce an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.' ” Horton v. Horton, 822 So.2d 431, 434 (Ala.Civ.App.2001)(quoting Ward v. Ullery, 412 So.2d 796, 797 (Ala.Civ.App.1982)). See also Pike v. Reed, 3 So.3d 201, 203 (Ala.Civ.App.2008) (deeming an order entered after a notice of appeal from a nonfinal judgment had been filed to be a "nullity'').