DONALDSON, Judge.
*721 Bebee Properties, LLC ("Bebee Properties"), appeals from a summary judgment entered by the Baldwin Circuit Court ("the trial court") in favor of Margaret A. Ard ("Margaret") on its claims against Margaret. Margaret cross-appeals from a summary judgment entered in favor of Bebee Properties and Thomas Greer on two counts of her counterclaim. We hold that the partial-summary-judgment order could not be properly certified as final pursuant to Rule 54(b), Ala. R. Civ. P., and, therefore, we dismiss the appeals as being from a nonfinal judgment.
Facts and Procedural History
Bebee Properties is a limited-liability company; Greer is the sole member of Bebee Properties. Greer had served as an officer of another company for which Samuel David Ard ("David") had worked for approximately 20 years. In August 2006, Greer caused a check in the amount of $140,000, drawn from a Bebee Properties' account, to be issued to "David Ard." The check represented a loan from Bebee Properties. Margaret, upon instruction from David, deposited that check into her and David's joint bank account. Margaret then obtained a cashier's check from the bank for $140,335.55 payable to a mortgage company to pay off the Ards' mortgage on their property in the Havel Estates subdivision ("the property"), which they owned as joint tenants with right of survivorship. David resigned from his employment with the other company of which Greer was an officer in November 2012. In January 2013, David committed suicide. In March 2013, Bebee Properties began attempts to obtain the balance of the loan from Margaret.
In June 2013, Bebee Properties filed a notice of lis pendens regarding the property in the Baldwin Probate Court and a complaint against Margaret in the trial court. In the complaint, which was later amended, Bebee Properties alleged that the loan had been made based on a specific contractual agreement between Bebee Properties and the Ards that the title to the property would be held in trust for Bebee Properties and either that the property would be sold and Bebee Properties repaid or that title would be conveyed to Bebee Properties in exchange for Bebee Properties' loan to the Ards of $140,000. Bebee Properties further asserted that, even if Margaret was not a party to the agreement, she was a third-party beneficiary of the agreement.
Bebee Properties asserted two counts in its complaint. The first count sought the imposition of a constructive trust on the property and the sale of the property, with the proceeds paid to Bebee Properties, or, alternatively, the conveyance of the property to Bebee Properties. Bebee Properties' second count sought a judgment in the amount of $136,500 (the balance of the $140,000 loan) against Margaret based on various theories. Upon Margaret's motion, all of Bebee Properties' theories of liability under the second count were stricken except for two: breach of contract and moneys lent.
Margaret filed an answer and counterclaim in which she asserted claims against both Bebee Properties and Greer. See Rule 13(h), Ala. R. Civ. P. Margaret subsequently filed an amended answer and counterclaim in which she asserted the Statute of Frauds as a defense to Bebee Properties' complaint and incorporated her previously filed counterclaim. Bebee Properties filed a motion to strike Margaret's *722 asserted defense of the Statute of Frauds, which was not granted. Margaret's counterclaim, as amended, asserted six counts: 1) count one sought a judgment declaring that Margaret is not indebted to Bebee Properties; 2) count two was a claim to cancel the notice of lis pendens filed by Bebee Properties regarding the property; 3) count three, asserted against both Bebee Properties and Greer, sought compensatory and punitive damages for slander of title based on the filing of the notice of lis pendens; 4) count four was a claim asserting intentional infliction of emotional distress against both Bebee Properties and Greer; 5) count five was a claim against Bebee Properties under the Alabama Litigation Accountability Act ("the ALAA"), § 12-19-270 et seq., Ala. Code 1975, for attorney's fees; and 6) count six was a claim asserting invasion of privacy against both Bebee Properties and Greer.
On March 25, 2014, Margaret filed a motion for a partial summary judgment as to all counts of Bebee Properties' complaint against her and as to counts one, two, three, and five of her amended counterclaim. Margaret later filed a supplement to her partial-summary-judgment motion to which she attached personal notes from David and portions of Greer's and Margaret's depositions. Greer filed an affidavit in opposition to Margaret's motion. Margaret filed a motion to strike hearsay statements contained in Greer's affidavit, which was granted. Bebee Properties filed a response to Margaret's motion for a partial summary judgment, and it subsequently argued that Margaret's motion should be denied based on Margaret's alleged admission that she had been unjustly enriched. The trial court denied Margaret's motion for a partial summary judgment on October 21, 2014, without explanation.
On January 29, 2016, Margaret filed another motion for a partial summary judgment in which she focused primarily on the Statute of Frauds as a defense to Bebee Properties' claims. In her motion, Margaret expressly incorporated her previous motion for a partial summary judgment, which had sought a summary judgment on all the counts of Bebee Properties' complaint and on counts one, two, three and five of Margaret's counterclaim. Bebee Properties filed a response to Margaret's second motion for a partial summary judgment, and Margaret filed a reply to Bebee Properties' response.
On February 15, 2016, Bebee Properties and Greer filed a joint motion for a partial summary judgment as to counts four and six of Margaret's counterclaim. Margaret filed a motion to strike that motion for a partial summary judgment, asserting that it was untimely filed. Margaret's motion to strike was never ruled on by the trial court. On March 2, 2016, the trial court entered a partial-summary-judgment order in which it granted a summary judgment in favor of Margaret as to both counts of Bebee Properties' complaint and in favor of Bebee Properties and Greer on counts four and six of Margaret's counterclaim. The trial court's partial-summary-judgment order reads, in part:
"This matter was before this Court on a Motion for Summary Judgment filed by Margaret A. Ard against Bebee Properties, LLC on January 29, 2016. Bebee Properties, LLC[, and Greer] filed their own Motion for Summary Judgment against Margaret A. Ard on February 1[5], 2016. After reviewing the briefs with accompanying documents filed by both parties and hearing oral arguments from attorneys of all interested parties, the Court finds that there is no genuine issue as to any material fact and the Defendant, Margaret A. Ard is entitled to a judgment as a matter *723 of law. Additionally, Plaintiff Bebee Properties, LLC and Thomas Greer are entitled to summary judgment on Counts IV and VI of Margaret A. Ard's Counter-Claim.
"1. Plaintiff BEBEE PROPERTIES, LLC advanced $140,000.00 to [Margaret] and her husband for their oral agreement to sell their real property and repay [Bebee Properties] from the proceeds thereof or convey the same to [Bebee Properties] in repayment.
"2. The oral agreement was a contract for the sale of lands or an interest therein, it was not in a writing expressing the consideration thereof and therefore no written agreement was ever signed by [Margaret] or her husband, and [Bebee Properties] was not put in possession of the real property.
"3. [Margaret] was not an active participant to the agreement but the agreement was oral between her husband[, David,] and [Bebee Properties] of which there is some evidence that she was aware. There is no evidence [Margaret] acted fraudulently with respect to the making of the oral agreement. Therefore, the agreement as to [Margaret] is void under the Alabama Statute of Frauds and equity will not intervene to impose the relief. It was also not an enforceable trust as it was not in the form of a signed writing.
"4. The Court cannot impose a purchase money resulting trust because the funds advanced in 2006 were not used to purchase the land. [Margaret and her husband David] purchased the land and acquired legal title and a legal estate in lands to the subject real property by warranty deed in 1995.
"5. [Bebee Properties] seeks equity in a constructive trust, but the facts of the case do not show that this is a situation where a constructive trust is to be used. 'Equity may impose a constructive trust on property in favor of the one beneficially entitled to it in situations in which another party holds title to the property through fraud, commission of a wrong, abuse of a confidential relationship, or any other form of unconscionable conduct.' Beasley v. Mellon Financial Services Corp., 569 So.2d 389, 394 (Ala. 1990) (citing Keeton, Law on Trusts, 210 (5th ed. 1949); 4 Pomeroy Equity Jurisprudence, § 1053 (5th ed. 1941); and Walsh on Equity, § 106 (1930)).
"6. The maxim, that 'he who seeks equity must do equity,' lies at the foundation of equity jurisprudence. Tilley's Alabama Equity § 1:5 (5th ed. 2015). [Bebee Properties] had sufficient time to reduce the agreement to writing and chose not to do so. [Bebee Properties] cannot seek a remedy for its own failure to act.
"7. The Court declines to impose a constructive trust as [Bebee Properties] does not allege any fraud by, or any confidential relation with, [Margaret] much less bear its burden of proof of such by competent evidence.
"8. The Court finds that [Margaret] is not estopped from asserting the Statute of Frauds as an affirmative defense as Alabama courts have rejected promissory estoppel to abrogate the Statute of Frauds involving an oral contract for an interest in land, and equitable estoppel cannot be found absent fraudulent conduct, of which there is none here.
"9. The Court finds that Counts IV and VI of [Margaret's] counterclaim are due to be dismissed. The facts show that there is no egregious conduct on the part of [Bebee Properties], nor is there any extreme distress experienced by [Margaret]. [Margaret's] claims of 'outrage' (the same tort as intentional infliction of emotional distress) and 'breach of *724 privacy' are due to be dismissed since there is no genuine dispute of material facts, and judgment is due as a matter of law.
"It is therefore ORDERED, ADJUDGED, and DECREED
"1. There is no genuine issue as to any material fact, and [Margaret] is entitled to summary judgment as a matter of law.
"2. [Margaret's] motion for the entry of an order for Summary Judgment in her favor as to the claims asserted in the Amended Complaint, Counts One and Two, filed by [Bebee Properties] is hereby GRANTED.
"3. The Judge of Probate of Baldwin County, Alabama, is hereby ORDERED to release, cancel, discharge or otherwise terminate the Notice of Lis Pendens filed by [Bebee Properties] at Instrument Number 1402359.
"4. That there is no genuine issue as to any material fact and [Bebee Properties and Greer] are entitled to a judgment as a matter of law on Counts IV and VI in [Margaret's] counter-claim.
"5. [Bebee Properties and Greer's] motion for the entry of summary Judgment in [their] favor as to counts IV and VI of [Margaret's] Counter-claim is hereby GRANTED."
(Capitalization in original.)
On April 1, 2016, Margaret filed what she described as a "conditional" motion to alter and amend the portion of the partial-summary-judgment order in favor of Bebee Properties and Greer. In the motion, Margaret argued that the judgment should be vacated because, she asserted, she was not given the chance to be heard on Bebee Properties and Greer's motion and because she had moved to strike the motion as untimely. Margaret described the motion as "conditional" because, she said, it was filed only as a precaution in the event that Bebee Properties attempted to appeal from the judgment.
On June 14, 2016, the trial court entered an order pursuant to Rule 54(b), Ala. R. Civ. P., certifying the partial-summary-judgment order as final regarding the claims addressed in that order. On July 14, 2016, Bebee Properties filed a motion seeking to determine whether a summary judgment had been granted as to Bebee Properties' third-party-beneficiary claims alleging breach of contract and moneys lent (the two claims in count two of its amended complaint that were not stricken), but the trial court did not directly rule on that motion.[1]
On July 26, 2016, Bebee Properties timely filed a notice of appeal to the supreme court. Margaret filed a timely cross-appeal.[2] The supreme court deflected the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Discussion
Although neither party has raised the finality of the partial-summary-judgment order as an issue on appeal, "jurisdictional matters[, such as the finality of the judgment from which an appeal arises,] are of such magnitude that we take notice of them at any time and do so even ex mero motu."
*725 Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987). "This court has appellate jurisdiction over appeals from judgments that are final." Perry v. Perry, 92 So.3d 799, 800 (Ala. Civ. App. 2012) ; Burkhalter v. Burkhalter, 98 So.3d 554, 555 (Ala. Civ. App. 2012) (explaining that the issue of the finality of a judgment is a jurisdictional question). The trial court entered an order certifying its partial-summary-judgment order as final pursuant to Rule 54(b), Ala. R. Civ. P.
" 'Ordinarily, an appeal can be brought only from a final judgment. Ala. Code 1975, § 12-22-2. If a case involves multiple claims or multiple parties, an order is generally not final unless it disposes of all claims as to all parties. Rule 54(b), Ala. R. Civ. P. However, when an action contains more than one claim for relief, Rule 54(b) allows the court to direct the entry of a final judgment as to one or more of the claims, if it makes the express determination that there is no just reason for delay.'
" Grantham v. Vanderzyl, 802 So.2d 1077, 1079-80 (Ala. 2001).
" 'Not every order has the requisite element of finality that can trigger the operation of Rule 54(b).' Goldome Credit Corp. v. Player, 869 So.2d 1146, 1148 (Ala. Civ. App. 2003) (citing Moss v. Williams, 747 So.2d 905 (Ala. Civ. App. 1999) ). ' " 'Certifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely.' " ' Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala. 2004) (quoting State v. Lawhorn, 830 So.2d 720, 725 (Ala. 2002), quoting in turn Baker v. Bennett, 644 So.2d 901, 903 (Ala. 1994) ).
" ' " ' "Appellate review in a piecemeal fashion is not favored." ' " ' Id. (quoting Goldome Credit Corp. v. Player, 869 So.2d 1146, 1148 (Ala. Civ. App. 2003), quoting in turn Harper Sales Co. v. Brown, Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala. Civ. App. 1999), quoting in turn Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala. Civ. App. 1996) ).
" ' "It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the [trial] court renders its decision on the remaining claims or as to the remaining parties.
" ' "An appellate court also should not hear appeals that will require it to determine questions that remain before the trial court with regard to other claims." '
" Centennial Assocs., Ltd. v. Guthrie, 20 So.3d 1277, 1281 (Ala. 2009) (quoting 10 Charles Alan Wright et al., Federal Practice and Procedure § 2659 (1998) )."
Lund v. Owens, 170 So.3d 691, 695 (Ala. Civ. App. 2014).
The trial court's partial-summary-judgment order specifies that a summary judgment has been entered in favor of Margaret as to counts one and two of Bebee Properties' complaint and in favor of Bebee Properties and Greer on counts four and six of Margaret's counterclaim. The order also states that "there is no genuine issue of material fact, and [Margaret] is entitled to summary judgment as a matter of law."
Margaret's second motion for a partial summary judgment incorporated her previously filed motion for a partial summary judgment, which sought a summary judgment on all counts of Bebee Properties' complaint and on counts one, two, three, and five of her counterclaim. Count one of Margaret's counterclaim sought a judgment declaring that Margaret is not indebted to Bebee Properties; count two *726 was a claim to cancel the notice of lis pendens filed by Bebee Properties against the property; count three sought compensatory and punitive damages for slander of title because of filing of the notice of lis pendens; and count five was a claim under the ALAA for attorney's fees. As explained earlier, a judgment was entered in favor of Bebee Properties and Greer on count four of Margaret's counterclaim, alleging intentional infliction of emotional distress, and count six of her counterclaim, alleging invasion of privacy. As discussed later in the opinion, it does not appear that the trial court addressed, or afforded the requested relief sought by Margaret, in count three (slander of title) and count five (the ALAA claim).
Based on the uncertainty regarding which, if any, claims remained pending, this court requested letter briefs from the parties on whether the partial-summary-judgment order resolved all claims and, if any claims remained pending, whether the trial court's Rule 54(b) certification was appropriate.
Bebee Properties filed a letter brief in which it asserted that this court should "find that the circuit court improvidently entered the sua sponte 54(b) order."[3] Bebee Properties asserts that this case is similar to Blackmon v. Renasant Bank, 232 So. 3d 224 (Ala. 2017), in which the supreme court held that a partial-summary-judgment order addressing unjust-enrichment and money-had-and-received claims was not appropriate for Rule 54(b) certification because the trial court's order did not fully adjudicate a single claim. Bebee Properties argues that count two of its amended complaint, which sought damages against Margaret on various theories, was not resolved because, it asserts, Margaret did not seek a summary judgment on that count and the trial court did not enter a summary judgment on that count. The record does not appear to support that assertion.
We first note that breach of contract and moneys lent were the only two remaining theories of liability in count two of Bebee Properties' amended complaint after the trial court granted Margaret's motion to strike. In her second motion for a partial summary judgment, Margaret specifically requested a summary judgment as to count one and count two of Bebee Properties' amended complaint, and Margaret expressly incorporated her previous motion for a partial summary judgment, which had sought a summary judgment on all counts of Bebee Properties' complaint. We also observe that, in its partial-summary-judgment order, the trial court expressly entered a summary judgment in Margaret's favor on count one and count two of Bebee Properties' amended complaint. Therefore, the partial-summary-judgment order resolved all of Bebee Properties' claims against Margaret.
Margaret also filed a letter brief with this court in which she asserted that count one of her counterclaim seeking a declaratory judgment, and count two of her counterclaim, requesting a cancellation of the notice of lis pendens that had been filed, were effectively resolved by the trial court's partial-summary-judgment order. Margaret asserts that count three of her counterclaim, alleging slander of title *727 against Bebee Properties and Greer, and count five of her counterclaim, seeking damages against Bebee Properties under the ALAA, remain pending but that the Rule 54(b) certification was proper.
" Rule 54(b) is properly applied in a situation where the claim and the counterclaim present more than one claim for relief, either of which could have been separately enforced. Cates v. Bush, 293 Ala. 535, 307 So.2d 6 (1975). Under 'appropriate facts,' a partial summary judgment on an original claim may be finally adjudicated pursuant to Rule 54(b), leaving a counterclaim undecided so that the parties can further litigate the issues presented by the counterclaim. Pate v. Merchants National Bank of Mobile, 409 So.2d 797, 798 (Ala. 1982)."
Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala. 1987). Rule 54(b) certification is not proper, however, when the unadjudicated claims "are so closely intertwined [with the claims adjudicated in the judgment certified as final] that separate adjudication would pose an unreasonable risk of inconsistent results." Branch, 514 So.2d at 1374. Furthermore, Rule 54(b) certification is improper "when at least some of the issues presented in the claims still pending in the trial court [are] the same as the issues presented in the claims addressed in the judgment on appeal and ' "[r]epeated appellate review of the same underlying facts would be a probability in [the] case." ' " Lund, 170 So.3d at 696 (quoting Patterson v. Jai Maatadee, Inc., 131 So.3d 607, 611 (Ala. 2013), quoting in turn Smith v. Slack Alost Dev. Servs. of Alabama, LLC, 32 So.3d 556, 562 (Ala. 2009) ). "[The Alabama Supreme Court] looks with some disfavor upon certifications under Rule 54(b)." Schlarb v. Lee, 955 So.2d 418, 419 (Ala. 2006).
We must, therefore, determine whether the remaining counts of Margaret's counterclaim-count three and count five-are so closely intertwined with those claims on which a summary judgment was entered that separate adjudication would pose an unreasonable risk of inconsistent results. Id. Count three of Margaret's counterclaim, alleging slander of title, requires proof of the following elements:
" '(1) Ownership of the property by plaintiff; (2) falsity of the words published; (3) malice of defendant in publishing the false statements; (4) publication to some person other than the owner; (5) the publication must be in disparagement of plaintiff's property or the title thereof; and (6) that special damages were the proximate result of such publication (setting them out in detail).' "
Merchants Nat'l Bank of Mobile v. Steiner, 404 So.2d 14, 21 (Ala. 1981) (quoting Womack v. McDonald, 219 Ala. 75, 76-77, 121 So. 57, 59 (1929) ). As part of the trial court's resolution of Margaret's claims seeking a declaratory judgment and cancellation of the notice of lis pendens, which were resolved in the partial-summary-judgment order, the trial court was required to resolve the issue of ownership of the property-an essential element of the slander-of-title claim. Therefore, we cannot say that the pending claim and the claims that have been resolved are so sufficiently distinct and separate that separate adjudication will not pose a risk of inconsistent results. Branch, 514 So.2d at 1374.
With regard to Margaret's claim for attorney's fees under the ALAA, § 12-19-272(a), Ala. Code 1975, provides, in part, that,
"in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable *728 attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part."
The ALAA "is clear that, as a prerequisite to an award of attorney fees ..., the court must find that the claim asserted is 'without substantial justification.' Further, in determining whether to assess attorney fees and costs, the court shall consider, but is not limited to, numerous factors which are set forth" in § 12-19-273, Ala. Code 1975. McArdle v. Bromfield, 540 So.2d 91, 94 (Ala. Civ. App. 1989). In addition, "the ALAA provides for the trial court to consider the outcome of the proceedings in determining whether a party's action was without substantial justification." Baker v. Williams Bros., 601 So.2d 110, 112 (Ala. Civ. App. 1992).
In order to determine whether Margaret is entitled to an award under the ALAA, the trial court might be required to consider, in part, facts and circumstances related to whether Bebee Properties properly filed a notice of lis pendens and whether Bebee Properties slandered Margaret's title. Therefore, "at least some of the issues presented in the claims still pending in the trial court [are] the same as the issues presented in the claims addressed in the judgment on appeal and ' "[r]epeated appellate review of the same underlying facts [is] a probability in [the] case." ' " Lund, 170 So.3d at 696. Accordingly, Margaret's ALAA claim is also "so closely intertwined [with at least some of the claims adjudicated in the partial-summary-judgment order] that separate adjudication would pose an unreasonable risk of inconsistent results." Branch, 514 So.2d at 1374.
Because we have determined that at least some of the claims that were resolved in the trial court's partial-summary-judgment order are "common to, and are therefore 'intertwined' with," the claims alleging slander of title and seeking attorney's fees under the ALAA that remain pending in the trial court, precedent dictates that "we conclude that the trial court exceeded its discretion in certifying the summary judgment ... as final pursuant to Rule 54(b)." Lund, 170 So.3d at 697. Accordingly, because Rule 54(b) certification was inappropriate, we dismiss the appeal and the cross-appeal as having been taken from a nonfinal judgment.
APPEAL-DISMISSED.
CROSS-APPEAL-DISMISSED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

On August 22, 2016, the trial court did purport to enter an order stating: "[T]o clarify, the June 14, 2016, order simply made the March Summary Judgment a final order for appeal purposes. It did not change any other aspect of the March Summary Judgment order." That order was entered after the parties had appealed the partial-summary-judgment order to this court and is therefore void. See Searle v. Vinson, 42 So.3d 767, 771-72 (Ala. Civ. App. 2010).

Although Greer is listed as a cross-appellee, he has not filed a brief with this court.

Despite its position that the trial court should not have entered the order certifying its partial-summary-judgment order as final pursuant to Rule 54(b), Bebee Properties asserts that "this Court should review the issues on this Appeal as to the erroneous holding of the circuit court that a constructive trust cannot be imposed to prevent an unjust enrichment." Because we hold that certification pursuant to Rule 54(b) was improper, we will not address that issue.